[Civ. No. 53448. First Dist., Div. Two. Aug. 25, 1983.]

CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA et al., Plaintiffs and Appellants, v. W. BRUCE SHAFER, as County Recorder, etc., Defendant and Respondent.

COUNSEL

Lester E. Edmond, Jr., for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, and Thomas G. Hendricks, Assistant County Counsel, for Defendant and Respondent.

## OPINION

**ROUSE, Acting P. J.**—Plaintiffs, two trust funds, appeal from a judgment denying their petition for a writ of mandate directing defendant Recorder for the County of Marin (Recorder) to record a claim of lien as of the date plaintiffs tendered it for recordation.

On February 24, 1981, plaintiffs attempted to record a claim of lien, pursuant to section 3111 of the Civil Code,[1] by mailing the lien to the Recorder. Plaintiffs' claim of lien contained the information required by section 3084 of the Civil Code,[2] which defines a claim of lien, and was accompanied by a check in the amount of the general recording fee mandated by section 27361 of the Government Code. Defendant Recorder refused to record the lien and returned it to plaintiffs with a letter demanding that they both supply the property owner's address and pay an additional fee specified by section 27387 of the Government Code before the lien claim could be recorded. Due to this delay, plaintiffs' lien was not recorded within the period required by law as a condition to the enforcement of liens.[3] Consequently, plaintiffs were deprived by operation of law of their right to foreclose on the lien and to perfect their lien rights.[4]

The trial court concluded that defendant Recorder had improperly refused to record plaintiffs' lien on the ground that it failed to include the property owner's address. However, the court held that section 27201, which provides that a county recorder shall not record any document until the fees prescribed by law are paid, permitted the Recorder to refuse to record in this case until the section 27387 fee was paid.

---

[1]The lien arises under section 3111 of the Civil Code, which provides that express trust funds shall have liens on particular real property pursuant to the collective bargaining agreement.

[2]Section 3084 of the Civil Code provides as follows: "(a) 'Claim of lien' means a written statement, signed and verified by the claimant or by the claimant's agent, containing all of the following: [¶] (1) A statement of the claimant's demand after deducting all just credits and offsets. [¶] (2) The name of the owner or reputed owner, if known. [¶] (3) A general statement of the kind of labor, services, equipment, or materials furnished by the claimant. [¶] (4) The name of the person by whom the claimant was employed or to whom the claimant furnished the labor, services, equipment, or materials. [¶] (5) A description of the site sufficient for identification. [¶] (b) A claim of lien in otherwise proper form, verified and containing the information required by this section shall be accepted by the recorder for recording and shall be deemed duly recorded without acknowledgment."
Unless otherwise specified, all statutory references are to the Government Code.

[3]Section 3116 of the Civil Code requires a claim of lien to be recorded within 30 days after the owner records a notice of completion. The owner in this case recorded the notice of completion on January 28, 1981; the lien claim should have been recorded by February 27, 1981.

[4]Recording of a claim of lien is a prerequisite to instituting a suit to foreclose on the lien.

In this case of first impression, we are asked to interpret the fiscal statute (§ 27387) that accompanies a notice provision (§ 27297.5). Both statutes were enacted just one month prior to the attempted recordation by plaintiffs which gave rise to this dispute. The key inquiry is whether section 27387 requires *all* lien claimants to pay an additional fee as a prerequisite to the recording of lien claims. We conclude that it does not.

Section 27387 provides that "In addition to any other fee, the county recorder shall collect a fee from any lienor, other than a governmental entity, for the recordation of an abstract of judgment or other document creating an involuntary lien within the meaning of Section 27297[5] affecting title to real property. The fee shall not exceed the actual cost to the recorder of providing the notice required by Section 27297.5."

Section 27297.5, subdivision (a), provides, in pertinent part, that "[u]pon recordation of an abstract of judgment or other document creating an involuntary lien affecting the title to real property, the county recorder shall, *whenever the recorded document evidencing such lien contains the address of the person or persons against whom such involuntary lien is recorded or the address of the judgment debtor's attorney of record,* within 10 days notify such person or persons or attorney of record by mail of such recordation. . . ." (Italics added.)

It is evident that section 27387 is ambiguous because the fee is labeled as one "for . . . recordation," but the fee is assessed by reference to a function, viz., "the actual cost to the recorder of providing the notice required by Section 27297.5." The contradictory interpretations given by the parties in this instance are a predictable response to such ambiguity.

Defendant contends that the language "for the recordation" mandates an additional fee payable as a prerequisite to recording any lien claim. Defendant infers that the Legislature intended the compulsory fee to encourage lien claimants to provide owner addresses and thus to increase the opportunity for notice, under section 27297.5, to the owner against whom the claim is filed.

Plaintiffs contend that the statute mandates an additional fee that covers the cost of notice under section 27297.5 and is payable only when the lien claim contains the name and address necessary for the recordation.

---

[5]Section 27297 provides: "For purposes of this article, a certificate describing real property and any lien thereon claimed pursuant to law for the costs of abatement of a nuisance upon such property, is an instrument affecting the title to or possession of such property."

The California Legislature enacted section 27387 as part of chapter 1281, an act relating to liens on real property. The act also added section 27297.5 to the Government Code, as well as section 2885 to the Civil Code, and amended section 674 of the Code of Civil Procedure.

It appears that the Legislature was responding to the fact that the existing law did not, in all circumstances, require that notification be given to the owner of real property upon the recordation of a lien against the property. (Leg. Counsel's Dig. of Assem. Bill No. 481, 4 Stats. 1980 (Reg. Sess.) Summary Dig., p. 423.) The existing law permitted liens to be filed as general claims, pursuant to section 3084 of the Civil Code, or as abstracts of judgment, pursuant to section 674 of the Code of Civil Procedure. In neither case was there a requirement that the owner be notified upon recordation of the lien claim.

A survey of the new provisions reveals that the Legislature's purpose in enacting them was to increase the opportunity for real property owners to be apprised of lien claims filed against them. Section 27297.5 requires the county recorder to notify the property owner of the lien claim within 10 days of recordation whenever the lien claim contains the address of the property owner or of his attorney of record. Section 2885 of the Civil Code requires any state agency that files a tax lien to notify the tax debtor by mail. Section 674 of the Code of Civil Procedure was amended to require that abstracts of judgment that are filed as lien claims contain the property owner's address. Finally, section 27387 authorizes the county recorder to collect an additional fee in recording lien claims.

It is noteworthy that, in enacting chapter 1281, the Legislature failed to amend section 3084 of the Civil Code to include a provision requiring owner addresses in lien claims. From this omission we infer that the Legislature intended to require notice to owners only for lien claims filed pursuant to a judgment.[6]

A reasonable construction of section 27387 must harmonize with the intended scope of application of the accompanying notice provision, section 27297.5. (*People* v. *Kline* (1980) 110 Cal.App.3d 587, 593 [168 Cal.Rptr. 185].)

As we have previously noted, section 27297.5 requires the mailing of notice only upon the recording of a document which creates an involuntary

---

[6]This distinction is reasonably based on the different scope of the claims. A claim of lien pursuant to section 3084 of the Civil Code expires within 90 days unless the lienor institutes suit to perfect his rights. (Civ. Code, § 3144.) Liens filed pursuant to judgments are encumbrances on land for 10 years after the filing date (Code Civ. Proc., § 337.5, subd. 3.)

lien affecting the title to real property, and which contains the address of the person or persons against whom such involuntary lien is recorded or the address of the judgment debtor's attorney of record.[7]

Section 27297.5 is clear on its face and thus must be given its plain meaning. (*Castaneda* v. *Holcomb* (1981) 114 Cal.App.3d 939, 942 [170 Cal.Rptr. 875].)

By requiring the recorder to notify the property owner only whenever the lien claim contains his address or that of his attorney of record, the code section recognizes that the lien statutory scheme imposes different requirements on claims of lien made pursuant to a judgment than on other lien claims. The former are required to contain the property owner's address (Code Civ. Proc., § 674) while the latter are not. (Civ. Code, § 3084.)

Having determined that the Legislature's goal in enacting chapter 1281 was to increase the opportunity for notice to property owners, we are wary of any interpretation of section 27387 that requires the payment of the fee as a prerequisite to recording, regardless of whether the lien contains an owner address. Such an interpretation serves to increase the cost of recording rather than to increase the opportunity for notice.

Furthermore, lien claimants who file claims pursuant to section 3084 of the Civil Code are hindered in attaining their lien rights if the additional fee is indiscriminately charged. Such lienors are not forewarned that something more is required for recordation. If they are compelled to pay the fee despite the lack of the address, they are burdened for no purpose. If they fail to pay the fee on time, as occurred in this case, they lose their lien claims. The inequity of such result runs counter to the purpose of the lien remedy, which is to provide for the speedy and efficient settlement of claims by those who have labored to enhance the value of land. (Art. XIV, § 3, Cal. Const.) Furthermore, in construing section 27387, we must keep in mind that although a county recorder may refuse to perform official services until he receives the appropriate statutory fee (*Kientz* v. *Harris* (1953) 117 Cal.App.2d 787, 790-791 [257 P.2d 41]), he may not require a claim of lien to state any matter not required by statute. (*Jewell* v. *McKay* (1889) 82 Cal.144, 151-152 [23 P.139].)

---

[7]The lien statutory scheme contains other notice provisions. Most lien claimants are required by section 3097 of the Civil Code to give preliminary notice to the property owner before recording the claim of lien. The statute permits exceptions from this requirement when the lien claimants worked in close association with the owner so that actual notice of the claim is highly likely. The present lien claimant is excepted from the section 3097 preliminary notice requirements.

In light of the fact that the Legislature expressed its intent to give limited application to the notice requirement, we hold that the additional fee mandated by section 27387 is payable only when the lien claim is required by law to contain the owner address. In these cases it is appropriate for the county recorder to require the fee as a condition to the recordation of the lien.

This construction serves the general purpose of the lien statutes by removing unnecessary obstacles from the path leading to the recording of claims. It also permits the county recorder to harmonize his duty to give prompt notice to the property owner with his duty to refrain from performing any service for which he has not collected a fee.

The judgment is reversed. The trial court is directed to issue a writ of mandate requiring the Recorder to record plaintiff's lien retroactive to February 27, 1981.

Miller, J., and Smith, J., concurred.