[Civ. No. 55082. Second Dist., Div. Four. Aug. 29, 1979.]

LAURENCE A. GREEN et al., Plaintiffs and Respondents, v.
COMMUNITY REDEVELOPMENT AGENCY OF
THE CITY OF LOS ANGELES et al., Defendants and Respondents;
INTERCHANGE TOWER PROPERTY, Intervener and Appellant.

**COUNSEL**

Ray M. Steele for Intervener and Appellant.

O'Neill & Huxtable and Richard L. Huxtable for Plaintiffs and Respondents.

Burt Pines, City Attorney, Steven A. Amerikaner, Deputy City Attorney, Jacobs, Weiser, Kane, Ballmer & Berkman, Eugene B. Jacobs and Robert P. Berkman for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—This is an appeal by intervener, Interchange Tower Property, from a denial of a motion to intervene. Plaintiffs and respondents are Laurence A. Green and Russell H. Green, Jr. Defendants and respondents are "The Community Redevelopment Agency of the City of Los Angeles." Allan Moline is an interested person.

Plaintiffs filed their "Complaint for Invalidation of Public Project" against defendants, seeking invalidation of the Central Business District Redevelopment Plan. Plaintiffs brought their action pursuant to Code of Civil Procedure sections 860-870, and the special summons required by Code of Civil Procedure sections 861.1 and 863 was published[1] on

[1]The summons reads as follows:

"SUMMONS ON COMPLAINT FOR INVALIDATION OF PUBLIC PROJECT.

"No. C220116

"Superior Court of the State of California for the County of Los Angeles

"LAURENCE A. GREEN and RUSSELL H. GREEN, JR., Plaintiffs, vs. THE COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, STATE OF CALIFORNIA: THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, and All Persons Interested In The Matter Of The Central Business District Redevelopment Project Of The City of Los Angeles, State of California, Defendants.

"NOTICE: You have been sued. The Court may decide against you without your being heard unless you respond within 30 days. Read the information below.

"AVISO: Usted ha sido demandado. El Tribunal puede decidir contra Ud. sin audiencia a menos que Ud. responda dentro de 30 dias. Lea la informacion que sique.

"1. TO THE DEFENDANTS AND TO ALL PERSONS INTERESTED IN THE MATTER OF THE CENTRAL BUSINESS DISTRICT REDEVELOPMENT PROJECT OF THE CITY OF LOS ANGELES, STATE OF CALIFORNIA: A civil Complaint has been filed by Plaintiffs, LAURENCE A. GREEN and RUSSELL H. GREEN, JR., against you to determine the validity or invalidity of said Redevelopment Project under the provisions of California Civil Code Sections 860 and 863 and Health and Safety Code Section 33,501. (See footnote*)

"a. If you wish to defend this lawsuit, you must, on or before January 21, 1978, file with this Court a written pleading in response to the Complaint. Unless you do so, your default will be entered upon application of the Plaintiffs, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in garnishment of wages, taking of money or property or other relief requested in the Complaint, including a determination that said Project is valid or that it is invalid under the Community Redevelopment Law and other laws of the State of California and of the United States of America.

"b. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be filed on time.

"Dated December 12, 1977

(Seal) "JOHN J. CORCORAN,
County Clerk,
By Frank Duarte, Deputy

"*The word 'Complaint' includes cross-complaint, 'plaintiff' includes cross-complainant, 'defendant' includes cross-defendant, singular includes the plural and masculine includes feminine and neuter. A written pleading, including an answer, demurrer, etc., must be in the form required by the California Rules of Court. Your

December 15, 22, and 29, 1977. The summons contained a notice to appear and answer not later than January 21, 1978. Defendants answered on January 23, 1978, and Allan Moline answered January 23, 1978.[2]

On May 3, 1978, intervener filed a notice of motion for leave to intervene together with a declaration in support of the motion and other necessary papers. The trial court denied intervener's motion to intervene on the following four grounds:

"1. Time for responding to the suit itself has long expired—hence, Interchange is barred from contesting the judgment directly.

"2. Lacking standing to challenge the judgment directly, Interchange can complain only of the consequential effects of a judgment herein.

"3. To permit intervention would allow circumvention of requirement of a timely appearance in this action.

"4. Intervenor's position can be fully protected in the pending inverse condemnation action."

Since we conclude that the motion was properly denied as untimely, we need not, and do not, consider the fourth ground of the trial court's decision.

The redevelopment plan for the Central Business District Redevelopment Project was adopted by ordinance and challenged by two cases.[3] The judgment in those cases decreed that the ordinance and the redevelopment plan are adequate, sufficient, legal and valid and that the defendants (the Community Redevelopment Agency of the City of Los Angeles) be bound by certain limitations. It is these changes and modifications that are objectionable to plaintiffs and to the intervener, in that plaintiffs and intervener believe that these changes impair the agency's ability to acquire property and to pay for property, due to a

---

original pleading must be filed in this Court with proper filing fees and proof that a copy thereof was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. The time when a Summons is deemed served on a party may vary depending on the method of service. For example, see CCP 413.10 through 415.40.

"Law Offices of O'Neill and Huxtable,
Attorneys-at-Law, 800 West First Street,
Suite 200, Los Angeles, California 90012."

[2]Since January 21, 1978, was a Saturday, the last day to answer was Monday, the 23d.

[3]*Bernardi* v. *City Council*, Nos. C 136398 and C 133468.

reduction in the agency's tax increment income and because of certain controls on the acquisition of land by the agency.

The relevant code sections dealing with the publication of summons are as follows:[4]

Code of Civil Procedure section 861: "Jurisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code in a newspaper of general circulation designated by the court, published in the county where the action is pending and whenever possible within the boundaries of the public agency, and in such other counties as may be ordered by the court, and if there be no such newspaper in any such county or counties then in some adjoining county. In addition, prior to completion of such publication, the agency shall, to the extent which the court finds reasonably practicable, give notice of the pendency of the proceeding by mail or other means ordered by the court."

Code of Civil Procedure section 861.1: "The summons shall be directed to 'all persons interested in the matter of [specifying the matter],' shall contain a notice to all persons interested in the matter to appear and answer the complaint not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of the summons. Except as otherwise specified in this section such summons shall be in the form prescribed in Section 412.20."

Code of Civil Procedure section 862: "Jurisdiction shall be complete after the date specified in the summons. Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined."

Code of Civil Procedure section 863: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. The public agency shall be a defendant and shall be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action. In any such action the summons shall be in the form prescribed in Section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall

---

[4]The appellant does not here contend that these sections were not complied with nor that it did not have prompt notice of the Green action.

also be directed to the public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person."

The above procedures are applicable to actions challenging the validity of redevelopment plans. (Health & Saf. Code, §§ 33500, 33501.)

Plaintiffs' complaint alleged that the decision that made changes in the ordinance substantially increased the economic burden of plaintiffs as landowners within the project, that the changes resulted in a new project without consultation of community leaders, that the project was changed, and that the project takes private property for public use without just compensation.

The intervener owns land which has been included within the Central Business Redevelopment Project and is a person interested in the project and also is a plaintiff in pending inverse condemnation suits.[5] Intervener alleges that the intervener's land and plaintiffs' land are within the area of the project and the effect of the ordinance is a taking of the land for public use without payment of just compensation; that the ordinance adversely affects the marketability of intervener's land; that the ordinance as changed limits the authority and financial ability of the agency to compensate plaintiffs and intervener for the taking by defendants of their land; that the intervener joins plaintiffs in plaintiffs' allegation that the changes and modifications adopted by the city council are invalid in that they impair the agency's ability to acquire and pay for property; that the intervener does not join plaintiffs in their allegation that the Civic Center Development Area is not blighted; and that the intervener does not join plaintiffs in their allegations that the project is unconstitutional because it authorizes the taking of private property.

Intervener's motion to file a complaint in intervention was opposed by both plaintiffs and defendants, who claimed that the published summons operated to enjoin any response to the complaint after January 23, 1978. The parties argued that the summons inviting an answer

---

[5] We are advised by counsel for the appellant that those actions involve the plan as originally adopted and do not involve the plan as presently amended.

or other responsive pleading to the complaint also operated as a limitation on the appellant's right to intervene.[6]

## I

The primary question before this court is whether appellant is precluded from intervening because of its failure to appear and answer the plaintiffs' complaint by January 23, 1978. Stated another way, this court must determine whether the procedures and requirements contained in Code of Civil Procedure sections 860-870 provide the exclusive method for challenging the validity of redevelopment projects by interested parties, or whether an interested party may intervene under Code of Civil Procedure section 387.[7]

If Code of Civil Procedure section 387 is applicable to the type of proceeding that we have at bench, and if appellant can bring itself within that statute, then appellant's intervention may have been timely under Code of Civil Procedure section 387.[8] If, on the other hand, an interested

---

[6]An order denying leave to intervene is appealable. (*In re Veterans' Industries, Inc.* (1970) 8 Cal.App.3d 902, 916 [88 Cal.Rptr. 303]; *In re Marriage of Meier* (1975) 51 Cal.App.3d 120 [123 Cal.Rptr. 822].)

[7]Code of Civil Procedure section 387 permits intervention at a later time. Code of Civil Procedure section 387 reads:

"(a) Upon timely application, any person, who has an interest in the matter in litigation, or in the success of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared in the same manner as upon the commencement of an original action, and upon the attorneys of the parties who have appeared, or upon the party if he has appeared without an attorney, in the manner provided for service of summons or in the manner provided by Chapter 5 (commencing with Section 1010) Title 14 of Part 2. A party served with a complaint in intervention may within 30 days after service move, demur, or otherwise plead to the complaint in the same manner as to an original complaint.

"(b) If any provision of law confers an unconditional right to intervene or if the person seeking intervention claims an interest relating to the property or transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

[8]The right to intervene under section 387 of the Code of Civil Procedure is further limited by the requirement that it be asserted within a reasonable time and the intervener must not be guilty of unreasonable delay after knowledge of the suit. (*Sanders* v. *Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d 661 [126 Cal.Rptr. 415].)

It is not here contended that the three and one-half months' delay in filing herein involved was unreasonable within that rule.

person cannot be an intervener under Code of Civil Procedure section 387 in an action challenging the validity of a community redevelopment plan, for the reason that Code of Civil Procedure sections 860-870 delineates an exclusive procedure for coming before the court, then appellant is barred because it failed to answer the complaint by January 21, 1978.

 We believe appellant may not intervene under Code of Civil Procedure section 387, and that Code of Civil Procedure section 387 is no longer applicable to the type of action at bar.

A case decided prior to the enactment of Code of Civil Procedure section 860 et seq., would lead to a contrary result. In 1954, the court in *Redevelopment Agency* v. *Hayes* (1954) 122 Cal.App.2d 777 [266 P.2d 105], held that property owners in allegedly blighted areas sought to be redeveloped under the Community Redevelopment Law (Health & Saf. Code, § 33000) may be permitted to intervene in a mandamus proceeding, since the property owners have an interest in the matter in litigation under Code of Civil Procedure section 387. Thus, it would appear from the reasoning in the *Redevelopment Agency* v. *Hayes* case that Code of Civil Procedure section 387 is applicable to a challenge to a redevelopment plan for a blighted area. It also might reasonably follow from the *Hayes* case that, if Code of Civil Procedure section 387 is applicable, any party entering the action by way of intervention under section 387 would not be barred by the date of limitation within the published summons. It further appears that the *Hayes* case has been cited several times with approval and has never been overruled, although the courts have not recently touched on the precise question before us today.

The appellant, to support its argument, does not mention the *Hayes* case. Instead, appellant relies on a will case, *Voyce* v. *Superior Court* (1942) 20 Cal.2d 479 [127 P.2d 536]. The *Voyce* case held that an interested person, as mentioned in section 380 of the Probate Code, may intervene under Code of Civil Procedure section 387 in a will contest initiated by another interested person within six months after probate, even though the intervention is filed after the six-month period.

Although, arguably, there is some analogy to be drawn here to *Voyce,*[9] and although it would appear that appellant should be permitted to

---

[9]In *Voyce*, Code of Civil Procedure section 387 served the interests of justice by assuring the "presence before the court of all the interested parties." (20 Cal.2d 479, 485.) In this case at bar, appellant's interests and the interests of justice were adequately protected by the summons under Code of Civil Procedure section 860, which was directed to "all interested persons." Therefore, the policies in *Voyce* are distinguishable from those of the case at bar, and the value of *Voyce* to appellant is limited.

intervene under the reasoning of *Redevelopment Agency* v. *Hayes, supra,* 122 Cal.App.2d 777, for reasons we shall state below, we hold that the appellant is barred from coming in under Code of Civil Procedure section 387.

We believe that the *Hayes* case is no longer applicable to cases where the purported interveners could have been properly before the court as "interested persons" under Code of Civil Procedure sections 860-870. Code sections 860-870 of the Code of Civil Procedure became effective in 1961 and 861.1 became effective in 1963, long after the decision rendered in *Redevelopment Agency* v. *Hayes, supra,* 122 Cal.App.3d 777. The unambiguous language of section 861 of the Code of Civil Procedure grants jurisdiction of "all" interested parties by publication of summons. Section 862 states that any interested party *may not later than the date specified in the summons* appear and contest the legality and validity of the matter sought to be determined. Section 863 provides that if no proceedings have been brought by the public agency, an interested person may bring an action and the summons shall be directed to "all persons interested in the matter" and to the public agency. These code sections, which did not exist at the time of the *Hayes* decision, provide in unambiguous language the procedures by which "any" interested persons and "all" interested persons come before the court to challenge a redevelopment project or plan.

The purpose of these sections was to provide an exclusive method for bringing "interested persons" into the action, rendering section 387 of the Code of Civil Procedure both superfluous and inconsistent with the purpose of section 860 et seq., Code of Civil Procedure.

In Review of Selected 1965 Code Legislation at page 84 it was stated that "sections 860-870 were enacted in 1961 to provide a standard in rem procedure for testing the validity of agency orders, district and city bond issues and other financial proceedings. . . ." In *Community Redevelopment Agency* v. *Superior Court* (1967) 248 Cal.App.2d 164, 169 [56 Cal.Rptr. 201], it was said: "Actions to determine the validity of the acts of public agencies are governed by the provisions of sections 860 to 870. Sections 860 to 869 were originally adopted in 1961 on the recommendation of the Judicial Council in order to provide a simple, uniform procedure in such cases. . . . [S]ections 860 to 869 [are] applicable to actions to determine the validity of community redevelopment plans."

Therefore, if the purpose of sections 860-870 is to provide a simple, standard, uniform in rem procedure for testing the validity of the acts of

public agencies in regard to community redevelopment plans, to additionally permit intervention under section 387 by interested parties named in the summons would defeat those clearly stated purposes of Code of Civil Procedure sections 860-870.

The reasoning in *Community Redevelopment Agency* v. *Superior Court, supra,* 248 Cal.App.2d 164, 177, is very much consistent with our holding. That case held that, in an action to invalidate an ordinance approving a redevelopment project, where plaintiffs did not allege they were owners of all the property in the project, any attempt to adjudicate the rights of other property owners and other interested persons without proper notice would have been futile. However, in that case the summons originally issued was fatally defective in that it was *not* directed to "all persons interested" in the matter of the validity of the redevelopment plan in issue. The "corrected summons" in that case was directed to "all persons interested" in the project, but the corrected summons was not timely and therefore did not confer jurisdiction on the court.

In the case at bar, unlike in the *Community Redevelopment* case, the summons was directed to named defendants and to "All Persons Interested in the Matter Of the Central Business District Redevelopment Project Of The City of Los Angeles, State of California," thus distinguishing our case from *Community Redevelopment Agency* v. *Superior Court,* and since appellant in the case at bar is admittedly an "interested person," and since "interested persons" were before the court in the summons filed by the plaintiffs, and since they could have answered that summons, there is no persuasive policy to grant them protection of Code of Civil Procedure section 387 and to ignore the clear language of Code of Civil Procedure sections 860-870.

## II

■ Appellant asserts that it is entitled to intervene as a matter of right pursuant to Code of Civil Procedure section 387, subdivision (b). Even if intervention were permitted and Code of Civil Procedure sections 860-870 were not exclusive, appellant has not brought itself within subdivision (b). Appellant's interest is adequately represented by existing parties. The interests of appellant are similar to that of the Greens and the legal arguments of appellant and the Greens will be similar.[10] (See *Blake* v. *Pallan* (9th Cir. 1977) 554 F.2d 947.)

[10]Although appellant is not claiming that the area is not blighted, and although the plaintiffs Green are making that claim, many other legal arguments of plaintiffs and appellant should be similar, and most of their contentions are the same.

## III

██ Respondents argue that appellant's interests are merely consequential and therefore insufficient for intervention.[11] While we do not agree that appellant's interests are merely consequential, appellant is nevertheless barred from intervening by the specific and exclusive procedures set forth in Code of Civil Procedure sections 860-870, for the reasons set forth above.

## IV

██ Appellant argues that, since the published summons merely invited the city and agency and all interested persons to "defend this lawsuit" by filing a "written pleading in response to the Complaint," the published summons merely invited an answer and did not preclude intervention. While the language of the summons used the term "defend this lawsuit," and the rules surrounding answering a complaint are different from the rules on intervention, for reasons we have stated before, the language of Code of Civil Procedure sections 860-870 is nonetheless exclusive. In other words, even if the summons used language requiring that interested persons "defend this lawsuit," and is silent as to entry into the lawsuit by intervention, intervention is nonetheless barred because "interested persons" were requested to comply with section 860 et seq., in order to be before the court.

The order appealed from is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

A petition for a rehearing was denied September 18, 1979, and appellant's petition for a hearing by the Supreme Court was denied October 25, 1979.

---

[11]A consequential interest has been described in *Continental Vinyl Products Corp.* v. *Mead Corp.* (1972) 27 Cal.App.3d 543, 550 [103 Cal.Rptr. 806], as follows: "An interest is consequential and thus insufficient for intervention when the action in which intervention is sought does not directly affect it although the results of the action may indirectly benefit or harm its owner."