[No. B048536. Second Dist., Div. Six. Sept. 10, 1990.]

MOORPARK UNIFIED SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
COUNTY OF VENTURA et al., Real Parties in Interest.

COUNSEL

Bergman & Wedner, Gregory M. Bergman and Robert M. Mason III for Petitioner.

No appearance for Respondent.

Cheryl J. Kane, City Attorney, Burke, Williams & Sorensen and Dennis I. Floyd for Real Parties in Interest.

OPINION

**GILBERT, J.**—Here we hold that an interested party may file a cross-complaint to an action which challenges the validity of a redevelopment plan. Accordingly, we direct the issuance of a peremptory writ of mandate directing the court below to vacate its ruling which sustained a demurrer and dismissed petitioner's cross-complaint. (*Pfleger* v. *Superior Court* (1985) 172 Cal.App.3d 421, 425 [218 Cal.Rptr. 371].)

### FACTS

On July 5, 1989, the City of Moorpark (the City) adopted a redevelopment plan promulgated by the Moorpark Redevelopment Agency (RDA) and the City. On September 29, 1989, the County of Ventura (the County) filed a complaint against the City, the RDA and the petitioner, the Moorpark Unified School District (the District) to challenge the validity of the RDA plan. (See Code Civ. Proc. §§ 860-870, which authorize suits to challenge the validity of such government decisions.)

The County's suit concerns changes in allocation of taxes which would result from the plan. The County also sought declaratory and injunctive relief.

Pursuant to Code of Civil Procedure sections 861 and 861.1, the County published a summons directed to all interested persons.[1] That notice stated

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

Section 861 states, in pertinent part: "Jurisdiction of all interested parties may be had by publication of summons . . . in a newspaper of general circulation . . . . In addition, prior to completion of such publication, the agency shall, to the extent which the court finds reasonably practicable, give notice of the pendency of the proceeding by mail or other means ordered by the court." Section 861.1 states, in pertinent part: "The summons shall be directed

that any person desiring to appear in the matter should do so and file written pleadings no later than November 17, 1989.

On October 24, 1989, the District also filed an answer and joinder to the County's suit. On the same date, the District also filed a cross-complaint against the City, which is the pleading at issue here. That cross-complaint concerned, inter alia, compliance with the California Environmental Quality Act (CEQA) and the California Community RDA laws, distinct concerns from those raised by the County's complaint.

On October 30, 1989, the District personally served its answer, joinder and the cross-complaint on the City. On November 29, 1989, the City demurred to the cross-complaint, asserting, inter alia, that a cross-complaint could not be filed in a validation proceeding.

On January 4, 1990, the court below sustained the demurrer and dismissed the cross-complaint. In the absence of law directly on point, the court relied by analogy on dicta in *Green* v. *Community Redevelopment Agency* (1979) 96 Cal.App.3d 491 [158 Cal.Rptr. 126], to support its ruling.

## DISCUSSION

■ The City contends that the statute of limitations for attacking the validity of a redevelopment plan is 60 days after the adoption of the ordinance adopting the plan. (§ 860; Health & Saf. Code § 33500.) The ordinance adopting the plan was passed on July 5, 1989. Therefore, the City argues, any action attacking its validity must have been brought by September 3, 1989. The District's cross-complaint was filed on October 24, 1989. Because the statute of limitations governing the filing of a cross-complaint against a codefendant is generally the same as for any original complaint, the City claims the District filed its action too late. (See *Trindade* v. *Superior Court* (1973) 29 Cal.App.3d 857, 859 [106 Cal.Rptr. 48]; *Jones* v. *Russ David Ford* (1967) 247 Cal.App.2d 725, 729-730 [56 Cal.Rptr. 18]; *Western etc. Co.* v. *Tuolumne etc. Corp.* (1944) 63 Cal.App.2d 21, 30-32 [146 P.2d 61].)

Section 860 states, in pertinent part, that "[a] public agency may upon the existence of any matter . . . authorized to be determined pursuant to this chapter, and for 60 days thereafter, *bring an action* . . . to determine the validity of such matter." (Italics added; see also § 863 which permits

to 'all persons interested in the matter' . . . to appear and answer the complaint not later than the date specified in the summons . . . ."

interested parties to " . . . bring an action . . . " under § 860 if no proceedings have been instituted by the public agency whose action is in question.)

### Applicability of Statute of Limitations

Where a cross-complaint is filed against a codefendant, the statute of limitations is not typically tolled by the commencement of the plaintiff's original action. (See 3 Witkin, Cal. Procedure (3rd ed. 1985) Actions, § 322, pp. 352-354; and *Trindade* v. *Superior Court, supra*, 29 Cal.App.3d 857, cited by City.)

This general rule, however, is not applicable in a validation proceeding. A statute may provide for alternative methods of limitations or for the accrual of actions. (See 3 Witkin, Cal. Procedure (3rd ed. 1985) Actions, § 362, p. 389.) For example, section 428.50, subdivision (b), which permits the filing of cross-complaints at any time before a date set for trial, would not apply here. That is because section 869 permits responses to be filed only within the time set forth in the summons.

Section 869 states, in pertinent part, "No *contest* except by the public agency . . . of any . . . matter under this chapter shall be made other than within the time and the manner herein specified." (Italics added.)

Read in conjunction with the rest of the statutory scheme, the first sentence of section 869 means that any *contest* of a matter subject to validation proceedings, other than one brought by the agency involved, must be asserted not later than the date specified in the summons. (See generally, *Millbrae School Dist.* v. *Superior Court* (1989) 209 Cal.App.3d 1494, 1498-1500 [261 Cal.Rptr. 409], a case which concerns the failure to properly publish the summons and which interprets the second sentence of § 869; and see especially §§ 861, 861.1, 862 and 863.)

Section 862 states, in pertinent part, "Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined." In our view, the District's cross-complaint is a *contest* of the RDA plan, within the meaning of section 862. The District's appearance is in response to the County's validations proceeding, which was filed pursuant to section 860.

The City granted the County an extension of time beyond September 3, 1989, to file its underlying validation action. The County filed that action, without objection, on September 29, 1989. The City answered that complaint on October 30, 1989, without contesting its timeliness or jurisdiction.

Pursuant to sections 861 and 861.1, the County's summons permitted the filing of pleadings by all interested persons up to November 17, 1989. The District, an interested party, timely appeared and contested the legality or validity of the RDA plan by its cross-complaint on October 24, 1989, in response to the County's complaint under section 862. The District raised new and distinct concerns it was unable to assert in its answer to the County's complaint.

*Propriety of Contesting by Cross-complaint*

■ The City asserts that although the District filed its action within the time set forth in the summons of the County's original validation complaint, it may not file a cross-complaint in a validation proceeding brought under section 860 et seq. The City cites *Green v. Community Redevelopment Agency, supra,* 96 Cal.App.3d 491 to support its contention that a validation action is the exclusive means to contest government action.

Unlike the instant case, *Green* concerned an untimely attempt by an interested private party to intervene in a validation suit in which its interests were similar to those already represented in the suit. (See § 387 regarding complaints in intervention.) The summons published in *Green* required responses by January 21, 1978. On May 3, 1978, the appellant in *Green* noticed a motion for leave to file a complaint in intervention.

The *Green* court held that because the validation statutes provide the exclusive method for interested parties to enter such actions, it would not permit the late filing of the complaint in intervention. (*Green v. Community Redevelopment Agency, supra,* 96 Cal.App.3d at pp. 495, 498, 500; see also §§ 861.1 and 862, which require responses to be filed no later than the time set forth in the summons.)

In dicta, the *Green* court also stated that because the validation statutes are the exclusive means to test the validity of government action, a complaint in intervention would be superfluous and inconsistent with those statutes. (96 Cal.App.3d at pp. 495, 498, 500.)

The trial court here was unduly influenced by the dicta in *Green.* It found that the uniform procedure in the validation statutes is akin to summary unlawful detainer procedures. It ruled that just as the filing of cross-complaints is not permitted in unlawful detainer proceedings, so too should they not be permitted in a validation action.

The City contends that the statement in *Green* that "Code Civ. Proc., §§ 860-870 provide the exclusive method for challenging the validity of redevelopment projects by interested parties . . . ." is not dicta. (96 Cal.App.3d at p. 491.)

The City asserts this language is crucial to the holding in *Green* that the validation procedure statutes do not permit complaints in intervention. By the same reasoning, neither would they permit cross-complaints.

The holding in *Green* is not as broad as the City contends. We agree with *Green* that the purpose of the validation statutes is to provide a simple and uniform method for testing the validity of government action. (*Green* v. *Community Redevelopment, Agency supra*, 96 Cal.App.3d at pp. 500-501.) This policy is not undermined by sections 869 and 862. Section 862 permits any interested party to " . . . appear and *contest* the legality or validity of the matter sought to be determined," within the time period specified in the summons per section 861.1. (Italics added.)

Here, the District's timely cross-complaint properly contests the plan by raising concerns distinct from those raised by the validation action of the County. There is nothing within the validation scheme which precludes the District from filing a timely cross-complaint as its responsive pleading.

The City contends that section 861.1 only tells interested persons when to appear and *answer* the complaint. Section 861.1 does not permit the filing of a cross-complaint. The City, therefore, would view the complaint in intervention in *Green* as improper even if it had been filed within the time set forth in the summons. We disagree. A timely filed complaint in intervention in *Green* would have been proper just as the timely filed cross-complaint is proper here.

To hold that section 861.1 only allows a party to appear and contest a matter by way of an answer would make section 862 superfluous. We believe the use of the term "contest" in sections 869 and 862 is purposeful—to enable all interested parties to air and to resolve in one suit all the distinct concerns of the various interested parties which may appear pursuant to notice, published or otherwise. (See especially § 861 which expressly requires wide dissemination of notice by publication and which encourages additional types of notification as the court finds reasonably practical.)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order sustaining the demurrer and dismissing the cross-complaint

herein. We direct that court to enter a new order overruling the demurrer and permitting the filing of the cross-complaint.

Stone (S. J.), P. J., and Abbe, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied November 28, 1990.