[No. E029531. Fourth Dist., Div. Two. Aug. 9, 2002.]

COACHELLA VALLEY MOSQUITO AND VECTOR CONTROL
DISTRICT et al., Cross-complainants and Appellants, v.
CITY OF INDIO et al., Cross-defendants and Respondents.

**COUNSEL**

Lisa Garvin Copeland for Cross-complainants and Appellants.

Lounsbery Ferguson Altona & Peak, Kevin P. Sullivan; Alhadeff & Solar, Samuel C. Alhadeff, Cyril J. Dantchev and S. Douglas Kerner for Cross-defendants and Respondents.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

Do cross-complaints filed in response to a reverse validation action[1] survive after the primary action has been dismissed because of lack of jurisdiction for failure to serve it properly?[2] We hold that that jurisdiction over the cross-complaints was never completed and they should also be dismissed.

### 2. *Factual and Procedural Background*

On November 29, 1999, the City of Indio enlarged the Indio Merged Redevelopment Project Area by adopting Ordinance No. 1260. On January 26, 2000, plaintiff Coachella Valley Water District (Water District) filed a reverse validation action challenging Ordinance No. 1260. In particular, the Water District charged that the proposed amendment area was not physically or economically blighted or predominantly urbanized as required by the Community Redevelopment Law.[3] The named defendants included appellants Coachella Valley Mosquito and Vector Control District (Mosquito District) and Valley Sanitary. The Water District served and published a summons calling for interested parties to file a response by March 17, 2000. On that date, the Mosquito District and Valley Sanitary filed answers and also filed cross-complaints against three other named defendants, the City of Indio and the Indio Redevelopment Agency (collectively Indio) and the County of Riverside (the County). The cross-complaints also allege the subject property was not urbanized or blighted. Both the complaint and cross-complaints accuse Indio of making a land grab to secure tax revenues.

Indio and the County made a motion to dismiss the Water District's complaint because the summons was not published with the required statutory language. The superior court denied the motion to dismiss and granted the Water District additional time to publish the summons. Indio then filed a petition for writ of mandate seeking review of the court's denial of its motion to dismiss. This court granted the petition on October 23, 2000, and directed the superior court to grant Indio's motion to dismiss the Water

[1] *Planning & Conservation League v. Department of Water Resources* (2000) 83 Cal.App.4th 892 [100 Cal.Rptr.2d 173]; Code of Civil Procedure section 863. Unless otherwise stated, all statutory references are to Code of Civil Procedure.

[2] Sections 861 and 861.1.

[3] Health and Safety Code section 33000 et seq.

District's reverse validation action. We expressly declined to give any opinion on the continuing viability of the cross-complaints.

Indio, joined by the County, then moved to dismiss the Mosquito District and Valley Sanitary's answers and cross-complaints. The court granted the motion and dismissed the answers and the cross-complaints with prejudice. The court entered judgment in favor of Indio and the County. Both Valley Sanitary and the Mosquito District now appeal.

### 3. *Discussion*

We ordered the superior court to dismiss the Water's District's complaint for reverse validation on the grounds that the published summons omitted language expressly required by section 861.1: "The summons shall . . . state that persons who contest the legality or validity of the matter will not be subject to punitive action, such as wage garnishment or seizure of their real or personal property." Because the Water District did not publish a correctly worded summons within 60 days after filing its complaint, the jurisdiction for the reverse validation action was never completed: "Jurisdiction shall be complete after the date specified in the summons."[4]

Although case law has determined that cross-complaints are proper in a reverse validation action,[5] there are no express statutory requirements for filing, publishing, or serving a cross-complaint. The relevant statutes make no reference to cross-complaints.[6] Here the three cross-defendants were personally served with the cross-complaints using the ordinary form of summons, not that required by section 861.1.

Appellants argue that their cross-complaints are independent from the Water District's reverse valuation action, especially their 12th cause of action, which asserts different claims for relief against the County than against Indio. In spite of section 862, which addresses when jurisdiction is complete, appellants contend that the requirement to publish and return a summons within 60 days is "mandatory," not jurisdictional. Appellants assert that the court obtained jurisdiction over the cross-complaints because they were timely filed under section 861.1; because appellants served the cross-defendants personally in accordance with section 410.50; and because the filing of the cross-complaints, not the issuance or service of the summons, vests the court with jurisdiction.

---

[4]Section 862.
[5]*Moorpark Unified School Dist. v. Superior Court* (1990) 223 Cal.App.3d 954, 959-961 [273 Cal.Rptr. 18].
[6]Sections 860-867.5.

In opposition, Indio contends that the court never acquired jurisdiction of the reverse validation action or the related cross-complaints because of the defect in the publication of the summons by the Water District. We agree.

Our analysis begins with an examination of the validation statutes. Their purpose " 'is to provide a simple and uniform method for testing the validity of government action.' "[7] A validation or a reverse validation action is a proceeding in rem.[8] Either kind of action must be filed within 60 days of the genesis of the public agency matter which is its subject.[9] The proceedings, especially a reverse validation action, occur in a short time frame. A reverse validation action must be filed within 60 days and the summons published and served within another 60 days.[10] Therefore, the statutory scheme contemplates that a reverse validation action will be filed and a summons published within a period no longer than 120 days. Responses, including answers and cross-complaints, are due within 10 days after publication of the summons is completed,[11] after which date jurisdiction is complete.[12]

We agree with the general principle that a cross-complaint is a separate action, severable from the original complaint and answer.[13] But that principle could actually hurt, rather than help, appellants. A reverse validation action is served like an ordinary civil action but the summons must be in the form and published as prescribed by sections 861 and 861.1. If a party has not yet answered the reverse validation action, a cross-complaint must be served on a party in the "same manner as upon commencement of an original action."[14] Therefore, we could interpret the statutes to require a cross-complaint in a reverse validation action to be served in the same way as the principal action, including the requirement for publication of the summons. But, if that procedure were to be followed, it would prolong the validation

[7]*Embarcadero Mun. Improvement Dist. v. County of Santa Barbara* (2001) 88 Cal.App.4th 781, 789 [107 Cal.Rptr.2d 6], citing *Moorpark Unified School Dist. v. Superior Court, supra,* 223 Cal.App.3d at page 960.

[8]Sections 860 and 863.

[9]Sections 860 and 863.

[10]Sections 860 and 863.

[11]Section 861.1; *Moorpark Unified School Dist. v. Superior Court, supra,* 223 Cal.App.3d at pages 959-960.

[12]Section 862.

[13]*Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 496 [191 Cal.Rptr. 134].

[14]Section 428.60.

proceeding beyond the statutory time limits and a chief purpose of the statutory scheme would be undermined.[15]

For that reason, we conclude that the concerns of expediency, efficiency, and certainty underlying the validation statutes favor the conclusion that the summons for a cross-complaint does not need to be published. It would wholly contradict the validation scheme to make the same service and publication requirements apply to a cross-complaint as to the original reverse validation action. Therefore, we hold the appellants' cross-complaints were properly served. ■ That does not mean, however, that the court acquired jurisdiction for the cross-complaints under the validation statutes.

As stated in sections 861 and 862, jurisdiction depends on the date stated in the published summons. Because the summons used by the Water District was defectively worded, it did not provide the notice necessary for jurisdiction to attach. In spite of appellants' arguments to the contrary, we cannot perceive any legitimate theoretical basis on which to approve their contention that the superior court somehow obtained jurisdiction over the cross-complaints when it did not acquire jurisdiction over the Water District's reverse validation complaint. As asserted by Indio, due process and notice are essential to an in rem proceeding.[16] Here the Water District did not give proper notice; hence there is no jurisdiction over the reverse validation complaint or the related cross-complaints.

We are not convinced by appellants' efforts to distinguish between a "jurisdictional" and a "mandatory" statutory requirement. In effect, appellants argue that sections 861 and 862 misuse the term "jurisdiction." But appellants rely on case law interpreting statutes that do not specifically address jurisdiction,[17] whereas sections 861 and 862 specifically describe jurisdiction as being complete after the date specified in the published summons. Appellants also cite condemnation cases discussing the meaning of in rem jurisdiction.[18] Again, however, those cases do not involve a

---

[15]*Planning & Conservation League v. Department of Water Resources* (1998) 17 Cal.4th 264, 273 [70 Cal.Rptr.2d 635, 949 P.2d 488].

[16]*Embarcadero Mun. Improvement Dist. v. County of Santa Barbara, supra,* 88 Cal.App.4th at pages 789-790; *Arnold v. Newhall County Water Dist.* (1970) 11 Cal.App.3d 794, 799-801 [96 Cal.Rptr. 894].

[17]*Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 87-91 [56 Cal.Rptr.2d 765], discussing whether the five-day jury-trial-demand requirement of Welfare and Institutions Code section 5350, subdivision (d) is mandatory or jurisdictional; *Dresser v. Superior Court* (1964) 231 Cal.App.2d 68 [41 Cal.Rptr. 473], analyzing former section 581a.

[18]*Dresser v. Superior Court, supra,* 231 Cal.App.2d at page 76; *San Bernardino etc. Water Dist. v. Gage Canal Co.* (1964) 226 Cal.App.2d 206, 215 [37 Cal.Rptr. 856].

specific statutory scheme that expressly addresses the question of jurisdiction for a reverse validation action. Similarly, appellants cannot depend on general principles involving jurisdiction[19] in the face of more specific statutes like sections 861 and 862. In a reverse validation proceeding, compliance by the original plaintiff with the publication requirements of sections 861 and 862 is a prerequisite for any party to establish jurisdiction.[20] Rather than take the risk of relying on another party to comply with the statutes, the Mosquito District and Valley Sanitary could have filed their own reverse validation actions.

Having determined the foregoing, we comment briefly on appellants' contention that their 12th cause of action against the County constitutes a separate claim. That cause of action challenges the County's adoption of Ordinance No. 797 on October 19, 1999. A reverse validation action concerning that matter would had to have been filed within 60 days or by December 18, 1999.[21] Therefore, the time to file an action against the County had expired before the Water District filed its reverse validation action on January 26, 2000. The Mosquito District and Valley Sanitary could not revive this claim against the County in their cross-complaints.

We also reject appellants' effort to rely on section 867.5. That statute permits a party who has answered a validation action to file a reverse validation action within 30 days after the public agency dismisses its validation action. Section 867.5 does not apply where the superior court dismisses a reverse validation action and related cross-complaints for lack of jurisdiction.

### 4.  Disposition

We affirm the judgment and award costs on appeal to Indio.

Hollenhorst, Acting P. J., and Ward, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 13, 2002.

---

[19]*Harrington v. Superior Court* (1924) 194 Cal. 185 [228 P. 15]; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715]; *Mungia v. Superior Court* (1964) 225 Cal.App.2d 280 [37 Cal.Rptr. 285]; and sections 410.50 and 1917.
[20]*Arnold v. Newhall County Water Dist., supra,* 11 Cal.App.3d at pages 799-801.
[21]Section 863.