Filed 3/9/21  Westlands Water Dist. v. County of San Joaquin CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WESTLANDS WATER DISTRICT, Plaintiff and Respondent, v. COUNTY OF SAN JOAQUIN et al., Defendants and Appellants. | F081181 (Super. Ct. No. 19CECG03887) **OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Freeman Firm, Thomas H. Keeling; Law Office of Roger B. Moore and Roger B. Moore for Defendants and Appellants.

Kronick, Moskovitz, Tiedemann & Girard, Daniel J. O'Hanlon, William T, Chisum, and Carissa M. Beecham for Plaintiff and Respondent.

-ooOoo-

A validation action is a unique proceeding for declaratory relief governed by Code of Civil Procedure sections 860 through 870.5.[1]  Respondent Westlands Water District

---

[1]Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

initiated such an action to obtain judicial approval of a contract between it and the federal government. The deadline for interested parties to appear in the case and contest the validity of the contract was December 16, 2019.

On December 16, 2019, the Counties of San Joaquin and Trinity (appellants) attempted to electronically file an answer to the validation complaint. Appellants are statutorily exempt from filing fees and thus submitted their pleading without payment of a first appearance fee. The next morning, appellants were informed the filing had been rejected for lack of a claim of exemption on the face of the pleading. Appellants added the words "Exempt From Filing Fee Government Code § 6103" to the caption page of their answer and resubmitted it for filing. The document was accepted and electronically file stamped at 2:04 p.m., December 17, 2019.

A dispute arose over the filing date of the answer. The pleading was found to be untimely, which effectively barred appellants from participating in the lawsuit. Appellants claim this ruling was erroneous as a matter of law.

Subject to conditions set forth in section 1010.6, trial courts may permit or require electronic filing of documents in civil actions. One condition is "[a]ny document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day." (*Id.*, subd. (b)(3).) Respondent does not dispute that appellants' pleading was received by the Fresno Superior Court on December 16, 2019.

There is no legal requirement for a public entity to declare an exemption from filing fees on the face of its pleadings. Because appellants complied with all statutes and rules governing the filing of their answer, we reverse the trial court's finding of untimeliness.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2019, respondent filed a validation complaint in the Fresno Superior Court. The complaint named as defendants "All Persons Interested in the

2.

Matter of the Contract Between the United States and Westlands Water District Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment." (Some capitalization omitted.) Pursuant to sections 861 and 861.1, service was accomplished by publication of a summons in two newspapers. The summons stated, in relevant part: "All persons interested in this matter may contest the legality or validity of the matter by appearing and filing a written answer to the complaint not later than December 16, 2019."

Subject to exceptions not applicable here, the Fresno Superior Court requires electronic filing in civil cases. (Super. Ct. Fresno County, Local Rules, rule 4.1.2(A).)[2] "The electronic filing of documents must be effected using the Court's electronic service providers." (*Id*., local rule 4.1.2(D)(1); former local rule 4.1.13(D).) On December 16, 2019, appellants attempted to file an answer to the complaint "utilizing the Odyssey eFileCA filing service offered through the Fresno County Superior Court website."[3]

Appellants initially received two written confirmations generated by the Odyssey eFileCA system. The first confirmation was an "Envelope Receipt" showing the pleading had been assigned a numerical "Envelope ID" and was "[s]ubmitted" at 3:37 p.m. The second message was an e-mail, automatically generated by the Odyssey eFileCA system and sent at 3:38 p.m., stating, "The filing … has been submitted to the clerk's office for review. A notification email will be sent after the filing is processed."

On December 17, 2019, at 9:23 a.m., appellants received an e-mail from Odyssey eFileCA stating, "[Your filing] has been reviewed and has been returned for further

---

[2]All further references to local rules are to those of the Fresno Superior Court.

We take judicial notice of local rule 4.1.2. (Evid. Code, §§ 452, subd. (e), 459, subd. (a).) Prior to January 1, 2021, provisions concerning electronic filing were set forth in former local rule 4.1.13. Appellants' unopposed request for judicial notice of former local rule 4.1.13 is granted.

[3]The quoted language is taken from a sworn declaration of the legal assistant who performed the task of submitting the pleading for electronic filing.

action.  Please refile with the corrections outlined below.  Please contact your local Court for further information."  Elsewhere in the e-mail, the following remarks were attributed to the "Clerk's Office":  "Rejected.  First appearance fee is required for answering parties.  If parties are government exempt, it must state that along with the code somewhere on the first page."

A legal assistant for appellants' counsel called the superior court and was reportedly told "by the clerk that if [appellants] simply put the fee exemption words on the caption page the filing would be accepted."  Appellants added the following language to the caption page of their answer:  "Exempt From Filing Fee Government Code § 6103."  (Boldface omitted.)  At 2:04 p.m., appellants resubmitted the pleading through Odyssey eFileCA and received the same type of "Envelope Receipt" as before.  Approximately 41 minutes later, appellants received an e-mail from Odyssey eFileCA stating, "[Your filing] was reviewed and accepted by the clerk's office."  The pleading was electronically file stamped with this notation:  "E-FILED [¶] 12/17/2019 2:04 PM."

On December 30, 2019, respondent filed a motion for entry of a judgment in its favor (similar in substance to a motion for summary judgment).  The moving papers focused on the merits of the validation complaint, but respondent also claimed appellants' answer to the complaint was "time barred."  The argument was factually based on appellants' alleged failure to meet the filing deadline provided in the summons.  The legal basis for the argument was section 862, which states:  "Jurisdiction shall be complete after the date specified in the summons.  Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined."

Appellants filed an opposition to respondent's motion.  In a short discussion regarding the timeliness of their answer, appellants argued the pleading was submitted to the court on the deadline specified in the summons.  The written opposition contained no legal argument on this issue.  Appellants' factual argument was supported by a

4.

declaration from the legal assistant who had electronically submitted the answer, along with the documents confirming dates and times of the filing activity.

The trial court issued a tentative ruling indicating respondent's motion would be denied. However, the trial court also tentatively found appellants' answer was "filed after the December 16, 2019, deadline." No analysis was provided in support of this conclusion. The pleading was deemed "untimely" based on section 862 and the following language in *City of San Diego v. San Diegans for Open Government* (2016) 3 Cal.App.5th 568 at page 579:

> "We view the time limit established by section 862 like a statute of limitations. Put differently, if any interested party appears in a validation action after the time period permitted by the applicable summons, the government would have a valid defense, preventing that interested party from further challenging the government's proposed action."

When the motion was heard, appellants argued their answer should be considered filed as of the date it was first received by the superior court, i.e., December 16, 2019. Several authorities were cited in support of this argument, including section 1010.6, subdivision (b)(3) (section 1010.6(b)(3)), rule 2.253(b)(6) of the California Rules of Court, and former (but then-current) local rule 4.1.13. The hearing concluded with the matter being taken under submission.

On March 16, 2020, the trial court issued an unsigned minute order summarily adopting its tentative ruling. Appellants filed a notice of entry of order on April 10, 2020. A notice of appeal followed.

In May 2020, appellants and two groups of similarly situated defendants filed a motion in the trial court to stay the action pending the outcomes of their respective appeals. The other moving parties had also filed answers that were found to be untimely. In July 2020, respondent filed a "renewed" motion for entry of judgment in its favor,

5.

which has yet to be ruled upon. In August 2020, the trial court granted appellants' motion to stay the proceedings.[4]

## DISCUSSION

### I.    Appealability

Respondent has moved to dismiss the appeal, arguing the challenged ruling was made in a nonappealable order. "Section 904.1, which codifies the general list of appealable judgments and orders, also effectively codifies the common law one-final-judgment rule. Under this rule, an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy." (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9.)

Respondent claims the minute order is not a "judgment" for purposes of section 904.1, subdivision (a)(1), and does not fall within other categories of orders listed in the statute. Respondent also argues the minute order cannot be construed as a dismissal since it is unsigned. Pursuant to section 581d, dismissals "shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments …."

Appellants rely on the principle that "'[i]t is not the form of the decree but the substance and effect of the adjudication which is determinative.'" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.) They argue the trial court's finding of untimeliness was a dispositive ruling and is therefore appealable. In the alternative, appellants ask us to treat the appeal as a petition for writ relief. (See *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366 ["An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition

---

[4]Respondent's unopposed motion to augment the record on appeal with material concerning the information in this paragraph is hereby granted.

for writ of mandate"].)  We agree with appellants' first argument and need not treat the appeal as a writ petition.

"A judgment is the final determination of the rights of the parties in an action or proceeding."  (§ 577.)  "'As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final.'"  (*Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 698.)  Accordingly, "it has long been the settled rule that in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party."  (*Dakota Payphone*, *LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 506.)

"A validation action 'is a lawsuit filed and prosecuted for the purpose of securing a judgment determining the validity of a particular … governmental decision or act.'"  (*Davis v. Fresno Unified School Dist.* (2020) 57 Cal.App.5th 911, 927.)  As discussed, respondent's lawsuit seeks to establish the validity of a contract between it and the federal government.  Appellants are not specifically named in the complaint, but section 861 "grants jurisdiction of 'all' interested parties by publication of summons."  (*Green v. Community Redevelopment Agency* (1979) 96 Cal.App.3d 491, 500.)  "Section 862 states that any interested party *may not later than the date specified in the summons* appear and contest the legality and validity of the matter sought to be determined."  (*Ibid*.)  The deadline established by the summons is the functional equivalent of a statute of limitations.  (*City of San Diego v. San Diegans for Open Government*, *supra*, 3 Cal.App.5th at p. 579.)

The trial court's ruling includes both a finding of untimeliness and statements regarding the preclusive effect of its finding.  The order effectively bars appellants "'from further challenging the government's proposed action.'"  (Quoting *City of San Diego v. San Diegans for Open Government*, *supra*, 3 Cal.App.5th at p. 579.)  Unlike a defaulted

7.

defendant in an ordinary civil case, appellants have no recourse under section 473 because "the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature." (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 372.)

Appellants argue there is no reason to believe an order of dismissal was or is forthcoming because, "[i]n effect, the trial court ruled that [appellants] were never parties at all to [the] action …." The point is well taken, and we agree the appeal is not premature for lack of a signed dismissal order. As between respondent and appellants, the challenged ruling leaves no issues for future consideration and constitutes a final determination of appellants' rights in this lawsuit. For those reasons, the ruling qualifies as a judgment under section 577 and may be treated as such for purposes of section 904.1. Respondent's motion to dismiss is therefore denied.

## II. Law and Analysis

The question presented is whether, for purposes of meeting a filing deadline, the date of a trial court's receipt of an electronically submitted pleading constitutes the filing date of the pleading. This question presumes the pleading is actually filed. "Because this issue involves the application of law to undisputed facts, we review the matter de novo." (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.) Our analysis involves the interpretation of statutes and rules, which are questions of law subject to our independent review. (*Lopez v. Sony Electronics*, *Inc*. (2018) 5 Cal.5th 627, 633.)

"Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning … in the context of the statutory framework as a whole …." (*Coalition of Concerned Communities*, *Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*Ibid*.) If the language is ambiguous, we "may consider

8.

other aids, such as the statute's purpose, legislative history, and public policy." (*Ibid*.) The same principles apply to our interpretation of the California Rules of Court. (*Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1296.)

Section 1010.6 governs the electronic service and filing of documents. The statute imposes conditions upon a trial court's adoption of local rules for electronic filing, and those conditions are supplemented by the California Rules of Court. (§ 1010.6, subds. (b), (f), (g); see *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351 ["A trial court is without authority to adopt local rules or procedures that conflict with statutes or with rules of court adopted by the Judicial Council"].) As stated in the current and former versions of section 1010.6(b)(3), "Any document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day."

The word "shall" ordinarily connotes a mandatory or directory duty. (*Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433.) Recent changes in the law add context and limitations to section 1010.6(b)(3). (See further discussion, *post*.) But at the time appellants filed their answer, section 1010.6(b)(3) was self-explanatory and required no further statutory construction. (See *Voices of the Wetlands v. State Water Resources Control Bd*. (2011) 52 Cal.4th 499, 519 ["If the language is unambiguous, the plain meaning controls"].)

Rule 1.20 of the California Rules of Court (rule 1.20) is entitled, "Effective Date of Filing." (Boldface omitted.) It states, "Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk." Rule 2.253(b)(6) provides: "The effective date of filing any document received electronically is prescribed by Code of Civil Procedure section 1010.6. *This provision concerns only the effective date of filing. Any document that is received electronically must be processed and satisfy all other legal filing requirements to be filed as an official court record*." (Italics added.)

9.

Current and former versions of the trial court's local rules incorporate the language of section 1010.6(b)(3) and portions of California Rules of Court, rule 2.253(b)(6). The local rules state, in relevant part: "For purposes of electronic filing of documents, pursuant to Code of Civil Procedure § 1010.6(b)(3), any document received electronically by the Court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day. … *This provision concerns only the method and effective date of filing; any document that is electronically filed must satisfy all other legal filing deadlines and requirements*." (Local rule 4.1.2(D)(4); *id*., former local rule 4.1.13(D), italics added.)

Respondent argues the italicized language quoted above means a document will not be deemed filed on the day it is received unless all legal requirements for filing are satisfied at the time of submission/receipt. We are not persuaded. By providing for the submission and receipt of documents up until 11:59:59 p.m., the rules contemplate that some documents will not be processed and filed by the clerk's office on the day they are received. No distinction is made between documents free of defects at the time of receipt and those with defects that are cured before they are filed. Furthermore, the California Rules of Court "must be liberally construed" to ensure a just determination of the proceedings they govern. (*Id*., rule 1.5(a).)

The italicized language warns that mere receipt of a document does not mean it will be filed. Defective papers may be rejected by the clerk of court. However, if the defect is cured and the document is filed, the filing date relates back to the date of receipt, which is the "effective date" of the filing. (Cal. Rules of Court, rule 2.253(b)(6); Super. Ct. Fresno County, Local Rules, rule 4.1.2(D)(4); *id*., former local rule 4.1.13(D).)

As of January 1, 2021, section 1010.6 has been amended to address this very issue. Assembly Bill No. 2165 (2019–2020 Reg. Sess.) (Assembly Bill 2165) revised the language of section 1010.6, subdivision (b)(4)(A) and added subdivisions (b)(4)(B)–(E). (Stats. 2020, ch. 215, § 1.5.) Section 1010.6, subdivision (b)(4)(E) provides:

10.

"If the clerk of the court does not file a complaint or cross complaint because the complaint or cross complaint does not comply with applicable filing requirements or the required filing fee has not been paid, any statute of limitations applicable to the causes of action alleged in the complaint or cross complaint shall be tolled for the period beginning on the date on which the court received the document and as shown on the confirmation of receipt described in subparagraph (A), through the later of either the date on which the clerk of the court sent the notice of rejection described in subparagraph (C) or the date on which the electronic filing service provider or electronic filing manager sent the notice of rejection as described in subparagraph (D), plus one additional day if the complaint or cross complaint is subsequently submitted in a form that corrects the errors which caused the document to be rejected.  The party filing the complaint or cross complaint shall not make any change to the complaint or cross complaint other than those required to correct the errors which caused the document to be rejected."

The legislative history of Assembly Bill 2165 indicates the amendments were partially in response to concerns about statutes of limitations expiring because of "delayed notice of rejected electronically-filed documents."  (Concurrence in Sen. Amends. to Assem. Bill No. 2165 (2019–2020 Reg. Sess.) Aug. 31, 2020, p. 3.)  "The bill formally tolls any applicable statute of limitations during the interval between the date of the [notice of receipt] and the date of the [notice of rejection], while providing an additional day to correct the error that led the filing to be rejected.  Filers can also use these notices as a basis to seek relief from the court if they miss a deadline other than a limitations period."  (*Ibid*.; see § 1010.6, subd. (b)(4)(C)–(D) [new provisions regarding notices of rejection]; Cal. Rules of Court, rule 2.259(a)–(b) [procedures for confirming receipt, filing, and rejection of electronically submitted documents].)

The recent amendment to section 1010.6 does not change our analysis of the law in effect when appellants filed their answer.  Section 1010.6(b)(3), California Rules of Court, rules 1.20 and 2.253(b)(6), and the trial court's local rules all said the effective date of any filed document is the date it was received by the court.  Unlike the new version of section 1010.6, there was no qualifying language regarding the effective date of a properly filed document that contained defects at the time of receipt.  "We may not,

11.

under the guise of interpretation, insert qualifying provisions not included in the statute." (*Estate of Griswold* (2001) 25 Cal.4th 904, 917; see *Poppers v. Tamalpais Union High School Dist.* (1986) 184 Cal.App.3d 399, 404 [reasoning if "the Legislature had intended to limit the application of [a particular statute] as respondent suggests, qualifying language could have easily been used to effectuate this result"].) We are also mindful of "the legislative and judicial policy of this state to prefer disposition of litigation on the merits rather than on procedural grounds." (*Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1278; see *Hernandez v. Temple* (1983) 142 Cal.App.3d 286, 290 ["The law abhors forfeitures and requires strict construction of statutes imposing them"].)

Even if we were to accept respondent's argument on the issue of statutory interpretation, we would still reverse the challenged ruling. The reason why is because appellants' pleading met all legal filing requirements when it was originally submitted and received by the trial court. As public entities, appellants are exempt from "any fee for the filing of any document or paper, [or] for the performance of any official service …." (Gov. Code, § 6103, subd. (a).) Appellants' pleading was rejected because their exempt status was not explicitly stated on the caption page. However, respondent does not identify, nor have we been able to find, any statute or rule of court that requires a public entity to claim the exemption on the face of its pleadings.

Respondent relies on Government Code section 6100, which provides, in relevant part: "Officers of the state, or of a county or judicial district, shall not perform any official services unless upon the payment of the fees prescribed by law for the performance of the services, except as provided in this chapter." Based on this language, respondent argues the clerk of the superior court was authorized to reject appellants' pleading for failure to tender a filing fee or claim an exemption. The argument ignores a key phrase in the above-quoted statute: "except as provided in this chapter." (*Ibid.*)

12.

Government Code sections 6100 and 6103 are part of a chapter entitled "Fees." The latter statute reads: "Neither the state nor any county … shall pay or deposit any fee for the filing of any document or paper …." (*Id*., § 6103, subd. (a).) "Under settled rules of statutory construction, a specific statute controls over a more general statute." (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1049; accord, *Salazar v. Eastin* (1995) 9 Cal.4th 836, 857.) Government Code section 6103 not only exempts public entities from filing fees, it affirmatively prohibits them from paying or depositing such fees. Therefore, the clerk of the court had no authority to reject appellants' pleading for lack of payment of a first appearance fee.

Respondent contends appellants "gave no indication they claimed an exemption from paying filing fees." This is not accurate. Appellants' first written confirmation from the Odyssey eFileCA system indicates they selected a filing code when submitting their document to designate it under a category labeled "Answer/Response/Denial/Demurrer–No Fee." The second written confirmation likewise denotes the "Filing Type" as "Answer/Response/Denial/Demurrer–No Fee."

As discussed, the rejection notice sent by Odyssey eFileCA attributed the following statement to the clerk of the court: "If parties are government exempt, it must state that along with the code somewhere on the first page." Our research discloses no such legal requirement, even in the trial court's official local rules. Moreover, the Judicial Council has expressly "preempted all local rules relating to pleadings … and the form and format of papers. No trial court, or any division or branch of a trial court, may enact or enforce any local rule concerning these fields. All local rules concerning these fields are null and void unless otherwise permitted or required by a statute or a rule in the California Rules of Court." (Cal. Rules of Court, rule 3.20(a); accord, *id*., rule 2.100(a).)

Respondent asks us to hold "that the burden is properly placed on [government entities] to affirmatively claim an exemption if they seek to file without paying filing fees …." We decline to do so. (See § 1858 ["In the construction of a statute …, the

13.

office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted"].)  The necessity of such a rule is a matter for the Legislature or the Judicial Council to decide.

"If a document is presented to the clerk's office for filing in a form that complies with the rules of court, the clerk's office has a ministerial duty to file it."  (*Voit v. Superior Court* (2011) 201 Cal.App.4th 1285, 1287.)  Appellants' answer was received by the trial court in proper form on the date it was due.  Therefore, although the pleading was processed and filed the next day, appellants' appearance in the validation action was timely for purposes of section 862.

## DISPOSITION

The trial court's finding as to the timeliness of appellants' appearance in this action, as made in the minute order dated March 16, 2020, is reversed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


PEÑA, Acting P.J.

WE CONCUR:


SMITH, J.


SNAUFFER, J.

14.