[S. F. No. 1063.    Department Two.—June 13, 1899.]

W. DAVIS & SON, Appellants, v. HURGREN & ANDERSON, Respondents.

ACTION FOR BREACH OF CONTRACT—COUNTERCLAIM.—An action for the breach of a contract to deliver leather is an action "arising upon contract," and a counterclaim may be set up by the defendants therein for goods sold and delivered; and it is immaterial whether such counterclaim arises out of the transaction set forth in the complaint under subdivision 1 of section 438 of the Code of Civil Procedure, or is founded upon an independent contract, under subdivision 2 of that section.

ID.—ALLOWANCE OF COSTS TO DEFENDANT.—Upon the failure of the plaintiff to recover in the action, costs are to be allowed as a matter of course to the defendant, notwithstanding the recovery by the defendants of less than three hundred dollars upon their counterclaim.

MOTION FOR NEW TRIAL—DISMISSAL—STATEMENT—REVIEW UPON APPEAL. The dismissal of a motion for a new trial is, in legal effect, a denial of the motion, and when the motion was made upon the minutes of the court, a statement must be prepared by the moving party, in order that the motion may be considered upon its merits upon appeal from the order, upon other grounds than those specified in the order dismissing the motion.

ID.—NOTICE OF INTENTION—RECEIPT BY CLERK—NONPAYMENT OF FEES— INSUFFICIENT FILING.—A notice of intention to move for a new trial need not be filed by the clerk without the payment of the fees therefor in advance. The mere receipt of such a notice by the clerk on the last day for filing the same did not constitute a filing, where the clerk did not file it on account of nonpayment of the fees therefor; and a filing made three days thereafter, upon payment of such fees, though made as of the day of receipt of it by the clerk, at the request of the moving party, is too late, and cannot save the motion, and it is properly dismissed or denied.

APPEAL from a judgment of the Superior Court of Sonoma County and from orders denying a new trial, and denying a motion to strike out a cost bill.    J. McMannon, Judge.

The facts are stated in the opinion of the court.

Lippitt & Lippitt, for Appellants.

Barham & Miller, for Respondents.

McFARLAND, J.—This is an action to recover of the defendants seven hundred and two dollars for the nonfulfillment by them of a contract to deliver to plaintiffs a certain amount of collar leather. The defendants by their answer deny the averments of the complaint, and set up as a counterclaim that plaintiffs are indebted to them for goods, wares, and merchandise sold, et cetera, in the sum of three hundred dollars. The jury returned a verdict for defendants in the sum of one dollar. Plaintiffs appeal from the judgment, from an order denying their motion for a new trial, and from an order denying their motion to strike out defendants' cost bill.

1. The counterclaim of the respondents was one proper to be pleaded. The court below seemed to think that the evidence showed that the counterclaim was one "arising out of the transaction set forth in the complaint," and therefore belonged to the class of counterclaims mentioned in subdivision 1 of section 438 of the Code of Civil Procedure; the evidence, however, is not before us, and, assuming it to be founded upon an independent contract, yet, as plaintiff's cause of action was clearly one "arising upon contract," the counterclaim was valid under subdivision 2 of said section.

2. The principal point urged by appellants is based upon the court's denial of their motion to strike out defendants' cost bill. Assuming that this matter can be reviewed either upon the appeal from the denial of the motion to strike out, or from the general judgment, the ruling of the court below was correct. Plaintiff's contention on this point is that respondents were not entitled to costs because the judgment in their favor was less than three hundred dollars; but this contention cannot be maintained. Section 1022 of the Code of Civil Procedure provides as follows: "Costs are allowed of course to the plaintiff upon a judgment in his favor in the following cases: . . . . 3. In an action for the recovery of money or damages when plaintiff recovers three hundred dollars or over"; and section 1024 provides that "costs must be allowed, of course, to the defendant upon a judgment in his favor in the actions mentioned in section 1022." If judgment had been merely for the defendants generally, the point here insisted upon would hardly have been made, but the fact that they recovered a judgment in

their favor for one dollar does not change at all the specific provisions of the code. This conclusion is clear upon principle, but the following authorities are directly in point. (*Dows v. Glaspel*, 4 N. Dak. 251; *Ury v. Wilde*, 3 N. Y. Supp. 791; 15 N. Y. Civ. Proc., 451.) In an action like the one at bar, unless the plaintiff is entitled to costs, the defendant recovers costs as a matter of course.

3. The transcript shows that the court "denied" the motion for a new trial, and also "dismissed" it upon the ground that notice of intention was not filed with the clerk in time. The court ordered the clerk to enter as a minute order what really is an opinion of the court below, in which he states why the motion for a new trial was dismissed. A dismissal of a motion for a new trial is really nothing more than a denial of it. (*Warden v. Mendocino County*, 32 Cal. 655.) In the case at bar, the motion was made upon the minutes of the court, and after its denial and "dismissal" the appellant did not prepare or present any statement upon motion for a new trial, as is required by the statute in such cases. We cannot determine, therefore, whether or not the motion for a new trial was properly denied upon other grounds; and, as a reversal of the order denying a new trial would be in substance the granting of a new trial, it is difficult to see how in the present state of the record this court would be warranted in granting a new trial without having any means of ascertaining what the merits of the case are. But, assuming that we can consider the motion solely upon the reason which the court gave in its opinion for denying it, we do not think that any error was committed. Section 639 of the Code of Civil Procedure provides that a party intending to move for a new trial must, within ten days after the verdict of the jury, file with the clerk his notice of intention. In the case at bar the ten days expired on the 23d of February. On that day the appellants sent their notice of motion to the clerk, but the clerk did not file the same because the fee therefor was not paid; and three days afterward, at the request of the appellants, who then paid the fee, the clerk indorsed it as filed February 23d. The act of March 28, 1895 (Stats. 1895, p. 267, *et seq.*), provides that on the filing of a notice of a motion for a new trial the party filing the same must pay to the clerk a fee of two dollars, and that

"county officers must . . . . demand the payment of all fees in civil cases in advance." The notice, therefore, was not filed in time; the mere fact that the clerk received it on the 23d did not constitute a filing; it was not his duty to file it without the fee; he did not file it; and he could not have been compelled to file it on that day.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.