[Civ. No. 8418.   Third Dist.   May 15, 1953.]

VICTOR VINCENT KIENTZ, Respondent, v. ARTHUR O'DELL HARRIS, Appellant.

Hoge & Fenton, Verne Summers and Bronson, Bronson & McKinnon for Appellant.

C. Ray Robinson for Respondent.

VAN DYKE, P. J.—Victor Vincent Kientz, as plaintiff in the trial court, filed an action against Arthur O'Dell Harris, wherein he sought damages for the alleged wrongful death of Ruth Evelyn Kientz. On November 17, 1952, a judgment was entered in the action that plaintiff recover the sum of $25,000. Notice of entry of judgment was, after service, filed on November 22, 1952. It was received by counsel for the appellant on November 22d. Notice of intention to move for a new trial was filed on behalf of defendant, appellant here. It was stamped as having been filed December 5th. It had actually been received at the office of the clerk on December 1st. That official, noting that no fee had been forwarded with the notice and being, as he states in his affidavit filed with this court, in doubt as to his legal right to stamp the paper as filed on that date without payment of the filing fee, did not stamp the notice as filed, but immediately mailed to counsel for appellant his invoice acknowledging receipt of the notice and requesting the filing fee. On December 5th the clerk received from counsel for the appellant, again through the mail, a check for the fee and on that day stamped the notice as filed. Section 659 of the Code of Civil Procedure, so far as material here, provides that a party intending to move for a new trial must within 10 days after receiving written notice of the entry of judgment "file with the clerk" and serve a notice of his intention to so move. The section further provides that the specified time shall not be extended by order or stipulation. It is to be noted that if the notice of

intention be considered as filed when received by the clerk on December 1st the filing was within time, but if considered as filed when, after receipt of demanded fees, the clerk stamped it as being filed the filing was too late and the court had no jurisdiction to pass upon the motion. (20 Cal.Jur. "New Trial," §§ 109, 110.) ■ A notice of appeal must be filed within 60 days from the date of entry of judgment unless the time is extended by the filing of a valid notice of intention of moving for a new trial. (Rules on Appeal, 2 and 3.) ■ A notice of intention to move for a new trial which is not served and filed within the time specified in section 659 of the Code of Civil Procedure is not such a valid notice of intention as is required by rule 3 (2) Rules on Appeal and therefore does not serve to extend the time within which a notice of appeal must be filed. (*King* v. *Wilson*, 101 Cal.App. 2d 242, 243 [225 P.2d 270].) The trial court made no order on the motion for new trial. On February 16, 1953, appellant herein filed with the clerk his notice of appeal. Unless the time was extended by valid proceedings for new trial this filing of the notice of appeal was late and this court has no jurisdiction of the appeal. Respondent, therefore, basing his motion upon the foregoing record, has filed his motion to dismiss the appeal herein upon the ground this court has no jurisdiction thereof. The motion to dismiss must be granted.

The following sections of the Government Code are material to the decision of the motion. Section 14 provides that "shall" as used in the code is mandatory and "may" is permissive. Section 24000(c) lists county clerks, ex officio clerks of the superior court, as county officers. Section 6100 declares that officers of a county shall not perform any official service unless upon the payment of the fees prescribed by law for the performance of the services, with certain exceptions with which we are not here concerned. Section 24350.5 provides that county officers *shall*, and township officers *may*, demand the payment of all fees in civil cases, in advance. Section 6110 provides that upon payment of the fees provided by law, the officer shall perform the services required. Section 26820 provides that the county clerk shall charge and collect the fees fixed for service performed by him. Section 26830 provides that the fee for filing a notice of intention to move for a new trial in a civil action is $3.00.

■ It is of course the policy of appellate courts to decide all matters appealed to them upon the merits, and such courts are reluctant to dismiss appeals for any oversight in pro-

cedural matters, but it is well settled that in respect of the time of filing no forgiveness of oversight is possible since the appeal must be filed in time or the appellate court has no jurisdiction.  ██  In this case it cannot be said that the clerk of the trial court acted in anywise except in strict accordance with the law which governs him.  The foregoing code sections make it clear that the Legislature has mandatorily required that filing fees in civil actions must be paid in advance.  Not only do they declare that they shall be so paid and that the clerk shall so collect them before he shall perform any official act, that is to say, receive for filing and file any document for the filing of which the payment of a fee is required, but the Legislature has also provided, by way of interpretation of its own language, that the word ''shall'' is mandatory.  It further illustrated its meaning in the provisions governing county clerks as to filings and fees therefor, by setting up a distinction between them and township officers, when it provided that the clerks should collect fees in advance in all civil cases while township officers might do otherwise.  Under the plain code provisions it must be held that the clerk properly refused to perform the official service of filing the notice until he received the fees therefor.

If we look to the case law we arrive at the same result.  In *Davis & Son* v. *Hurgren & Anderson,* 125 Cal. 48, 50 [57 P. 684], the court said: ''Section 639 of the Code of Civil Procedure provides that a party intending to move for a new trial must, within ten days after the verdict of the jury, file with the clerk his notice of intention.  In the case at bar the ten days expired on the 23d of February.  On that day the appellants sent their notice of motion to the clerk, but the clerk did not file the same because the fee therefor was not paid; and three days afterward, at the request of the appellants, who then paid the fee, the clerk indorsed it as filed February 23d.  The act of March 28, 1895 (Stats. 1895, p. 267, *et seq.*), provides that on the filing of a notice of a motion for a new trial the party filing the same must pay to the clerk a fee of two dollars, and that 'county officers must . . . demand the payment of all fees in civil cases in advance.'  The notice, therefore, was not filed in time; the mere fact that the clerk received it on the 23d did not constitute a filing; it was not his duty to file it without the fee; he did not file it; and he could not have been compelled to file it on that day.''  (See, also, *Boyd* v. *Burrel,* 60 Cal. 280.)

■ Appellants contend that the notice of intention must be considered as having been filed with the clerk when it was received by him through the mails and by him retained. They argue that section 659 of the Code of Civil Procedure requires that the notice be filed "with" the clerk within the 10-day period; that it does not require that it be filed "by" the clerk at that time; and that filing with the clerk satisfies the legislative intent. They argue that a distinction exists between filing *with* the clerk and filing *by* the clerk in case of motions for new trial and in support of that argument they cite *Cox v. Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383, 395 [121 P.2d 829], and *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110, 115 [142 P.2d 929]. Concluding, they say a paper is filed with the clerk when it is presented to the clerk and received by him to be kept in his official custody, citing *Tregambo* v. *Comanche Mill. & Min. Co.,* 57 Cal. 501, 506. We have examined the cases cited in support of this contention. We think it unnecessary to discuss them. The facts were not like the facts presented to us by this motion. To give effect to appellant's argument would be to say that notwithstanding the plain mandate of the statute a party by merely mailing to the clerk a notice of new trial could compel that official to accept and treat the same as filed without payment of the fees. Clearly that would violate the legislative intent which is so plainly stated in the code provisions we have referred to.

Appellant further asserts that respondent is estopped to deny that the notice was filed with the clerk within the statutory period. In support of this contention they say that respondent in the trial court interposed no objection to appellant's notice of motion for new trial as being filed too late, but on the contrary agreed on a date for argument and joined with counsel for the appellant in arguing the same; only after notice of appeal did the respondent for the first time claim the notice of intention had been filed too late and that, as a result, the notice of appeal likewise was too late. ■ The answer to this argument is that jurisdiction of this court in the matter of an appeal cannot be conferred by estoppel. Jurisdiction depends expressly upon the timely filing of these notices. ■ Whatever may be the conduct of one party toward another the reviewing court is without jurisdiction unless the filing of notice of appeal is done within the time required by the statute. (*Estate of Hanley,* 23 Cal.2d 120,

123 [142 P.2d 423, 149 A.L.R. 1250].) Said the court in that case: ''Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver.''

The motion to dismiss is granted and the appeal herein is dismissed.

Peek, J., and Schottky, J., concurred.