[No. A066049. First Dist., Div. Five. Mar. 8, 1995.]

CRAIG MIRVIS, Plaintiff and Appellant, v.
BECKY CROWDER, Defendant and Respondent.

**COUNSEL**

McTernan, Stender & Walsh and Cliff Weingus for Plaintiff and Appellant.

Kincaid, Gianunzio, Caudle & Hubert and Roger K. Miles for Defendant and Respondent.

**OPINION**

HANING, J.—Plaintiff/appellant Craig Mirvis appeals a summary judgment in favor of defendant/respondent Becky Crowder in his action for personal injury, contending the court erred in determining his action was barred by the statute of limitations. We conclude that *Rappleyea* v. *Campbell* (1994) 8 Cal.4th 975 [35 Cal.Rptr.2d 669, 884 P.2d 126] requires reversal.

FACTS

On November 18, 1991, appellant was injured when a car driven by his sister in which he was a passenger, was involved in an accident with respondent's car. On Friday, November 13, 1992, a legal assistant from appellant's counsel's San Francisco office sent by two-day priority mail the summons and complaint to the court for filing together with a check for the filing fee. Counsel's San Francisco office address and telephone number were on the summons and complaint, but his firm's San Jose office address and telephone number were on the check. On November 17, 1992, the court clerk telephoned a secretary at appellant's counsel's San Jose office and assured him the complaint would be filed on the date received, but that the

balance of the filing fee, which had recently been increased, was owing. The secretary immediately requested preparation of a check for the balance, and a check for the additional fee was dated November 17, 1992. On November 19, 1992, the legal assistant from the San Francisco office called the clerk's office and discovered that the complaint had not been filed. The complaint and summons were file-stamped November 23, 1992.

Respondent moved for summary judgment on the ground that the action was barred by the one-year statute of limitations (Code Civ. Proc., § 340, subd. (3).) In opposition, appellant submitted declarations showing that on November 13, 1992, his attorney's office transmitted the summons and complaint in the action and a $134 check for the filing fee to the court, unaware that the filing fee had recently been increased to $182. On November 17 the court clerk notified appellant's counsel that the balance of the filing fee was due, but assured him that the complaint would be filed by that date. A check for the balance of the filing fee was dated that day and sent to the court.

The trial court granted summary judgment on the ground that the complaint was barred by the statute of limitations.

### Discussion

■ Appellant contends the complaint should be deemed filed on November 17, 1992, because it was received by the court by that date, and on that date the clerk said it would be filed.

Government Code section 6100 states that county officers "shall not perform any official services unless upon the payment of the fees prescribed by law for the performance of the services," with certain exceptions not relevant in the instant case. Government Code section 24350.5 provides: "County officers shall . . . demand the payment of all fees in civil cases, in advance." Government Code section 6110 states, in relevant part: "Upon payment of the fees required by law, the officer shall perform the services required." Finally, Government Code section 26820 provides that the county clerk shall charge and collect the fees fixed for service performed by that office.

The statutory scheme indicates the Legislature has required that filing fees in civil actions be paid in advance, and the clerk is justified in refusing to file pleadings until receipt of the fee. (See *Kientz* v. *Harris* (1953) 117 Cal.App.2d 787, 790 [257 P.2d 41]; 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, § 294, p. 315.) Implicit in Government Code section 24350.5 and

*Kientz* is that the filing fee must be paid in full before the clerk can accept the pleading for filing.

However *Rappleyea* v. *Campbell, supra,* 8 Cal.4th 975, which had not been decided at the time the trial court ruled, provides an exception. In *Rappleyea* the superior court clerk misinformed the defendants, who were from out of state and representing themselves, that the correct filing fee for their answer was $89 (the fee for a single defendant's answer), when in fact it was $159 (the fee for two defendants' answer). When the clerk's office received the answer and defendants' $89 check it rejected and returned the answer. Although defendants promptly sent back their answer with the correct fee, the answer was filed eight days late. Meanwhile, on the first day possible to do so, plaintiff applied for and obtained the clerk's entry of default. Plaintiff thereafter misinformed defendants that they had no legal rights under Code of Civil Procedure section 473 (relief from judgment taken by mistake, inadvertence, surprise or excusable neglect), even though the statute's six-month limitation period had not expired. After the six-month limitation period expired, defendants learned that a default judgment might soon be entered against them and moved to set aside the clerk's entry of default. The court denied the motion on the ground that good cause had not been shown under Code of Civil Procedure section 473 and entered a default judgment against defendants of $200,240.39. The Court of Appeal affirmed the judgment.

The Supreme Court reversed with directions to vacate the default judgment and the entry of default. It characterized the misinformation from the clerk as extrinsic mistake, "a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits" (*Rappleyea* v. *Campbell, supra,* 8 Cal.4th at p. 981), and which give rise to equitable relief. " 'Extrinsic mistake is found when [among other things] . . . a mistake led a court to do what it never intended . . . .' [Citations.]" (*Ibid.*) It reasoned that "the clerk's misunderstanding of the number of answering defendants constituted an extrinsic mistake. The court never intended to have defendants send the fee applicable to a sole defendant and thereby default, but that was the effect of the clerk's ministerial action." (*Id.,* at p. 983.)

We conclude *Rappleyea* requires a similar result here. The filing fee had only recently been increased, and counsel was unaware of that fact. The clerk's representation to appellant's counsel that the complaint would be timely filed despite the incorrect filing fee constituted extrinsic mistake under *Rappleyea* and entitles appellant to relief. The clerk speaks for the court, and to paraphrase *Rappleyea,* the court in this case never intended to

permit the clerk to assure appellant that his complaint would be timely filed despite the incorrect filing fee and then dismiss the action under the statute of limitations. Had appellant's counsel not been assured by the clerk on November 17 that the complaint would be timely filed, he could have had the balance of the filing fee delivered to the court that day to ensure timely filing.

Given our determination that the complaint should be deemed timely filed and therefore not barred by the statute of limitations, we need not address appellant's remaining claim that the statute of limitations was tolled under Vehicle Code section 17463 by respondent's absence from the state.

Judgment is reversed.

King, J., concurred.

**PETERSON, P. J.**—I respectfully dissent.

*Rappleyea* v. *Campbell* (1994) 8 Cal.4th 975 [35 Cal.Rptr.2d 669, 884 P.2d 126] (*Rappleyea*) is inapposite to the case at bench, and is more narrowly drawn than the majority holds. By a bare four-to-three majority, *Rappleyea* granted equitable relief from the clerk's entry of a default against nonresident, unrepresented defendants to whom plaintiff's counsel falsely represented no default relief was available.

This case is not, as *Rappleyea* was, an appeal from the denial of equitable relief. This is an appeal from a summary judgment. It is undisputed the complaint was untimely filed. Appellant's counsel procrastinated in filing until almost the last minute; then forwarded the complaint to the Contra Costa County Clerk by mail rather than by messenger; depended upon the erroneous decision of a legal assistant, who did not contact the clerk for up-to-date information on the amount of the required filing fee for a complaint in that county, as to the amount of that fee; and primarily and unsuccessfully responded to the motion for summary judgment on a claim the statute of limitations period was tolled because defendant was out of state for a time.

Appellant opposed summary judgment, inter alia, by the following means:

1. Submission of a declaration of his counsel's legal assistant (Dibble, employed in counsel's San Francisco office) which, as considered by the

court,[1] disclosed that she forwarded to the clerk for filing the summons and complaint, bearing the firm's San Francisco address and telephone number, with a $134 check which was inadequate to pay the required filing fee; the check bore the firm's San Jose address and telephone number. Dibble's declaration contained as exhibits the $134 check and a subsequent check for $48, again bearing the San Jose address and telephone number. The latter is strangely characterized as bearing an " '*invoice date*' " of November 17, 1992, whereas the $134 check is characterized as "*dated* November 13, 1992." (Italics added.) The $48 check appears to be dated after the " 'invoice date.' "

2.  Submission of a declaration by Millwood, incorporating a note in Millwood's handwriting dated November 17 which "I believe" refers to a telephone call from a Contra Costa deputy clerk "regarding the complaint" in this case, advising the "full amount of the filing fee had not been transmitted. . . . [¶] . . . The clerk told me not to worry and assured me that the complaint would be filed on the date it was received, but that I did need to send a check for the balance of the filing fee that was owing as soon as possible. I immediately requested preparation of a check for the balance." The $48 check apparently represents the balance of the deficient filing fee.

The record clearly shows that Dibble, conceded to be responsible for the filing of this complaint by no later than November 18, 1992, never herself contacted the clerk's office until November 19, 1992, after the statute had run. Dibble, therefore, never knew from any source of, and never relied on, a deputy clerk's alleged representation to Millwood (who had nothing to do with the case except to answer a phone inquiry on November 17 as to the deficiency in the tendered filing fee) that the complaint would be filed before the filing fee was paid. Thus, Dibble could not have been, and was not, influenced by any alleged representations of the clerk before the statute of limitations ran on appellant's cause of action because she was ignorant of them. Millwood did nothing by way of conversation with Dibble or otherwise to convey the clerk's message he claims to have received, or to ascertain the date the statute would run, or to explore the urgency of getting the correct filing fee to the clerk's office. An important event—timely filing of critical documents preceded by tender of required fees—was simply left to counsel's legal assistant and a secretary in different offices, without any communication between them or any solicitation or receipt by either of guidance from counsel as to whether the complaint could, in fact, be filed without prepayment of the requested fee, an act the clerk was legally forbidden to perform.

---

[1] Parts of Dibble's declaration were stricken as hearsay, as were parts of the declaration of Millwood, a former secretary of the firm's San Jose office, discussed *post.*

Out of this classic case of the right hand being ignorant of the left hand's activities, coupled with appellant's failure to establish his tolling defense, his secondary and last gasp is "The [clerk] made me do it."

In crediting this defense which the lower court rejected, the majority, in my view, has erroneously broadened .the reach of *Rappleyea* in which a majority of the Supreme Court noted, "We draw our conclusion narrowly." (8 Cal.4th at p. 984.) It was established long ago that the untimely filing of a complaint due to the failure to pay the proper filing fee is not grounds for relief from untimely filing. The governing precedent here is *Boyd* v. *Burrel* (1882) 60 Cal. 280, 282-283, which was reaffirmed in *Davis & Son* v. *Hurgren & Anderson* (1899) 125 Cal. 48, 50-51 [57 P. 684]. Those cases held papers are not timely filed if they are refused by the clerk on the ground of nonpayment of the proper fees; these cases have never been overruled, in *Rappleyea* or otherwise, and are still binding authority from our Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) The narrow, fact-bound proposition for which *Rappleyea* stands is that a motion for relief from a clerk's entry of default due to untimely filing of an answer may be granted on equitable grounds, if a litigant in propria persona is misinformed by the clerk *as to the correct filing fee*, attempts to file the document in timely fashion in reliance upon the clerk's incorrect statement of the required fee, and is thereafter misled by the opposing party as to the availability of relief from default. (See 8 Cal.4th at pp. 984-985.)

As the majority points out, Government Code sections 6100, 24350.5, and 26820 *require filing fees to be paid in advance of filing*. *Rappleyea*'s equitable remedy for its extrinsic mistake exception to these statutory requirements, announced over a vigorous dissent, granted equitable relief only for a clerk's mistaken "*ministerial action*," which was the clerk's "misunderstanding of the number of answering defendants," in erroneously quoting a reduced filing fee for their answer. (8 Cal.4th at p. 983, italics added.)

As Division Four of this district has observed: "A ministerial act . . . is one that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed, when a given state of fact exists. (*Williams* v. *City of Stockton* [(1925)] 195 Cal. 743, 748 . . . .) Stated otherwise, it is an act with respect to the performance of which a public officer can exercise no discretion—*an act or duty prescribed by some existing law that makes it incumbent on him to perform precisely as laid down by the law.* [Citations.]" (*People* ex rel. *Fund American Companies* v. *California Ins. Co.* (1974) 43 Cal.App.3d 423, 431 [117 Cal.Rptr. 623], italics added (*Fund American Companies*).)

The clerk here, as the majority finds, had the legal duty to demand payment of the filing fee before timely filing the complaint. Performance of that duty constituted a ministerial act. The clerk has no legal duty to defer payment of filing fees before filing a complaint, and is proscribed by statute from doing so. In short, if in performing a duty the law mandates (collection of fees prior to filing a pleading) the clerk mistakenly calculates those fees, that mistake is an extrinsic one in the course of a ministerial action performed under legal compulsion (See *Bayside Auto & Truck Sales, Inc.* v. *Department of Transportation* (1993) 21 Cal.App.4th 561, 566 [26 Cal.Rptr.2d 109]; *Kientz* v. *Harris* (1953) 117 Cal.App.2d 787, 790 [257 P.2d 41]) for which equitable relief, properly sought, may be available (*Rappleyea, supra,* 8 Cal.4th at p. 983).

Conversely, a clerk's representation, that receipt of required filing fees will be waived before filing a complaint, is not an extrinsic mistake made in the course of a legally compelled ministerial action, because that waiver is *not* a ministerial action. It is an action the law forbids the clerk to take in the first instance and cannot, therefore, be "ministerial."

A mistake in the ministerial act of calculating a filing fee the clerk is mandated by law to collect (dealt with in *Rappleyea*) is a far cry from a clerk's alleged agreement or representation to *waive* that fee before filing the complaint, when its prefiling collection is required by statute.

Appellant's counsel and their employees made the mistake here in not timely determining that fee from the Contra Costa County Clerk. It is common knowledge that filing fees are not uniform in every county of this state, and that they change with some frequency. Appellant cannot generate entitlement to the equitable relief *Rappleyea* granted by shifting the responsibility for a complaint's untimely filing to a claimed representation of a deputy clerk who illegally promised to perform an act in violation of "the mandate of legal authority." (*Fund American Companies, supra,* 43 Cal.App.3d at p. 431.)

The majority holding will fuel uncertainty in the law by encouraging litigants' counsel, who have missed applicable filing deadlines, to seek out clerks as the scapegoats for their own failings which have created a statute of limitations defense to their clients' causes of action. This decision encourages the casting of a sympathetic eye on the careless and unprepared, accords apparent authority to a county clerk which the Legislature has proscribed, and will widen the gap the majority in *Rappleyea* sought to narrow through its warning that such sympathetic deference to the carelessness of litigants and their counsel will fragment procedural law "into a kaleidoscope of shifting rules." (8 Cal.4th at p. 979.)

I would affirm the finding of the lower court that the complaint cannot be deemed to have been timely filed merely because of the clerk's alleged representation the complaint would be filed without full prepayment of the filing fee. The majority having reversed the judgment on this point alone, I do not address appellant's alternate claim that the application of Vehicle Code section 17463 tolled the statute of limitations.

Respondent's petition for review by the Supreme Court was denied June 1, 1995.