[No. A102182. First Dist., Div. Four. Dec. 16, 2003.]

CELINA DURAN et al., Plaintiffs and Appellants, v.
ST. LUKE'S HOSPITAL et al., Defendants and Respondents.

## COUNSEL

Kenneth M. Sigelman & Associates, Kenneth M. Sigelman, Penelope A. Phillips, for Appellants.

Hassard Bonnington, James M. Goodman, B. Thomas French, Rebecca L. Cachia-Riedl, for Respondent St. Luke's Hospital.

Galloway, Lucchese & Everson, Patrick Galloway, Maureen H. Loftis, for Respondent Vicki Cordts.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Gerhard O. Winkler for Respondent Women's Health Center.

## OPINION

**KAY, P. J.**—■ Benjamin Franklin described the snowballing consequences of inattention to a small detail—"For want of a nail, the shoe was lost; for want of a shoe the horse was lost; and for want of a horse the rider was lost." (Oxford Dict. of Quotations (2d ed. 1955) p. 211.) In this case the missing nail is a check that was $3 short of the amount required to file a complaint for medical malpractice that allegedly caused the death of the plaintiffs' infant child. The harsh but unavoidable result is that we affirm the trial court's dismissal of the complaint because it was not filed before the statute of limitations ran.

There is no dispute as to what happened in 2002. The parties agree that the final day for filing the complaint was October 9. On October 7 plaintiffs' San

Diego attorney sent the complaint and summons by Federal Express to the filing clerk of the San Francisco Superior Court. Also sent was a check for $203. On October 8 the clerk received the complaint but did not file it because the filing fee was $206, $3 more than the amount of the check. By the time plaintiffs' attorney learned of the situation and tendered the correct filing fee, the statute of limitations had expired. Plaintiffs filed a petition for "an Order *Nunc Pro Tunc* declaring that the Complaint . . . shall be deemed filed on October 8 . . . ." On November 4 the trial court granted the petition but expressly made its order "subject to a motion to strike by defendants." Defendants duly filed motions to strike, as well as general demurrers, all based on the ground that the limitation period had run. The trial court, although "very sympathetic" to plaintiffs' situation, which it described as "a horror story . . . . [¶] . . . [N]onpayment of . . . that $3 is very very minimal," nevertheless believed the authorities cited by defendants required it to grant the motions. A judgment of dismissal was entered in due course, from which plaintiffs perfected this timely appeal.

The parties approach the problem from different directions. Plaintiffs claim to have the support of our Supreme Court and the Ninth Circuit for analyzing this situation from the perspective of the party attempting to file a document. Plaintiffs also view the amount of the filing fee as governed by local court rules, which do not require the strict compliance demanded of state court rules. Finally, they argue that their complaint "should have been deemed filed on the date initially presented to the clerk for filing, because the $3 discrepancy in the filing fee is an insubstantial defect" and because dismissal solely by reason of discrepancy is "unreasonably drastic." Even though the amount of the filing fee may have a local component, defendants see the issue as one of state law, maintaining that the clerk had the ministerial duty to reject the complaint for filing. What the clerk did was not only statutorily mandated, it was also jurisdictional.

A number of provisions in the Government Code address the topic of court filing fees. Section 6100 states that "Officers . . . of a . . . judicial district[] shall not perform any official service unless upon the payment of the fees prescribed by law for the performance of the services . . . ." Section 24350.5 states that "County officers shall . . . demand the payment of all fees in civil cases, in advance." Section 26820 directs that "The county clerk shall charge and collect the fees fixed in this article . . . for service performed by the clerk . . . ."

■ An unbroken line of decisions by our Supreme Court holds that it is mandatory for court clerks to demand and receive the fee required by statute before documents or pleadings are filed. (*I. X. L. Lime Co. v. Superior Court* (1904) 143 Cal. 170, 173 [76 P. 973] ["Where a fee is required by the law to

be prepaid for any official service," payment of the fee is "a condition precedent to the performance of the service"]; *Davis & Son v. Hurgren & Anderson* (1899) 125 Cal. 48, 50–51 [57 P. 684] [clerk refused to file new trial motion submitted without statutory fee; "the mere fact that the clerk received it . . . did not constitute a filing; it was not his duty to file it without the fee; he did not file it; and he could not have been compelled to file it"]; *Boyd v. Burrel* (1882) 60 Cal. 280, 283 ["The law gave to the Clerk the right to refuse to perform any particular service except upon the condition that his fees therefor should be paid in advance. Plaintiffs and appellants cannot claim that he performed an official act, by legal construction, which he in fact refused to perform, having the legal right so to refuse"]; *Tregambo v. Comanche M. and M. Co.* (1881) 57 Cal. 501, 506 ["When the demurrers were placed in the custody of the clerk, he had a legal right to refuse to file them, unless the fees for that service were paid to him"].) As one Court of Appeal summarized: "[The Government Code statutes] make it clear that the Legislature has mandatorily required that filing fees in civil actions must be paid in advance. Not only do they declare that they shall be so paid and that the clerk shall so collect them before he shall perform any official act, that is to say, receive for filing and file any document for the filing of which the payment of a fee is required, but the Legislature has also provided, by way of interpretation of its own language, that the word 'shall is mandatory.'. . . Under the plain code provisions it must be held that the clerk properly refused to perform the official service of filing the notice until he received the fees therefor." (*Kientz v. Harris* (1953) 117 Cal.App.2d 787, 790 [257 P.2d 41].) As Division Five of this District has noted, it is "[i]mplicit . . . that the filing fee must be paid in full before the clerk can accept the pleading for filing." (*Mirvis v. Crowder* (1995) 32 Cal.App.4th 1684, 1686–1687 [38 Cal.Rptr.2d 644].)

But while it is mandatory for the court clerks to demand and receive statutorily required filing fees, it is not, as defendants maintain, a jurisdictional defect if the precise fee is not collected. Thus, if the clerk misadvises an out-of-state party as to the amount of the required fee, payment of the incorrectly quoted amount may be deemed sufficient for the filing. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975 [35 Cal.Rptr.2d 669, 884 P.2d 126].) If a clerk advises an attorney that a pleading submitted with a check for less than the correct fee will be filed, with the attorney to pay the balance of the fee, the pleading will be deemed filed when submitted. (See *Mirvis v. Crowder, supra,* 32 Cal.App.4th 1684, 1687–1688.) Or, if a clerk does file without receiving the fee, the filing is nevertheless valid. (*Tregambo v. Comanche M. and M. Co., supra,* 57 Cal. 501, 506; *Bauer v. Merigan* (1962) 206 Cal.App.2d 769, 771 [24 Cal.Rptr. 203]; *Foley v. Foley* (1956) 147 Cal.App.2d 76, 77–78 [304 P.2d 719].) Finally, if the clerk files a pleading accompanied by a check subsequently not honored for insufficient funds, the

filing remains valid if the fee is paid within 20 days. (Code Civ. Proc., § 411.20.) None of these exceptions, however, are available to plaintiffs.

It is true, as plaintiffs argue, that in one instance the California Supreme Court did state that in evaluating the timeliness of a petition for a writ of review "it is the filer's actions that are scrutinized" (*United Farm Workers of America v. Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 918 [210 Cal.Rptr. 453, 694 P.2d 138]), but the context is clearly distinguishable because the court was considering a statute (i.e., Lab. Code, § 1160.8) that did not require a filing fee, and the issue was not the commencement, but the continuation of litigation already under way. The remainder of the California authorities cited by plaintiffs for the proposition that insubstantial or technical defects of form do not disqualify a submitted pleading from being filed are likewise inapposite because they too do not involve the issue of failure to pay a filing fee. *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268 [80 Cal.Rptr.2d 601] involved a complaint returned without filing because it was not accompanied by a "certificate of assignment" as required by local rule; in *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774 [79 Cal.Rptr.2d 292], the complaint was returned because a "declaration for court assignment" required by local rule was not signed by the attorney and the summons had the address of the wrong branch of the court; while in *Litzmann v. Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203 [71 Cal.Rptr. 731], the Court of Appeal clerk refused to file a petition for a writ of review because it was not prepared in "the proper form" and on "proper size sheets." Lastly, the Ninth Circuit decision does not aid plaintiffs because there the pleading submitted for filing was accompanied by a check for *more* than the required filing fee. (*Cintron v. Union Pacific R. Co.* (9th Cir. 1987) 813 F.2d 917.) In any event, no scrutiny of plaintiffs' actions can ignore the fact that the full amount of the mandatory filing fee was not submitted in a timely fashion.

Plaintiffs' state-rule-versus-local-rule argument is based on *Carlson v. Department of Fish & Game, supra,* 68 Cal.App.4th 1268, 1270, where the Court of Appeal stated that a trial court "may not condition the filing of a complaint on local rule requirements." We are not dealing here with conflicting court rules but with state statutes of unambiguous language and meaning, which make the payment of fees the condition precedent to the filing of court documents or pleadings. (E.g., *I. X. L. Lime Co. v. Superior Court, supra,* 143 Cal. 170, 173; *Boyd v. Burrel, supra,* 60 Cal. 280, 283; *Kientz v. Harris, supra,* 117 Cal.App.2d 787, 790.) As for their argument that upon receipt of a pleading by the clerk the pleading will be deemed filed, it is based upon this sentence from *United Farm Workers of America v. Agricultural Labor Relations Bd., supra,* 37 Cal.3d 912, 918: "[W]e conclude that 'filing' for purposes of compliance with the time limits of Labor Code section 1160.8 means what it does in all other contexts: actual delivery of the petition to the

clerk at his place of business during office hours." We have already noted that this decision is clearly distinguishable because it addresses a different statutory filing where no filing fee is required. In a situation where a fee is required, the substance of plaintiffs' argument was long ago rejected by our Supreme Court (*Davis & Son v. Hurgren & Anderson, supra*, 125 Cal. 48, 51 ["the mere fact that the clerk received it . . . did not constitute a filing"]), and is contrary to the clear import of the authorities quoted above that are applicable to the situation presented here.

The judgment of dismissal is affirmed.

Sepulveda, J., and Rivera, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 17, 2004.