Filed 3/9/21  Westlands Water Dist. v. Cal. Water Impact Network CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WESTLANDS WATER DISTRICT, Plaintiff and Respondent, v. CALIFORNIA WATER IMPACT NETWORK et al., Defendants and Appellants. | F081182 (Super. Ct. No. 19CECG03887) **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Law Office of Adam Keats, Adam Keats; and John Buse for Defendants and Appellants.

Kronick, Moskovitz, Tiedemann & Girard, Daniel J. O'Hanlon, William T. Chisum and Carissa M. Beecham for Plaintiff and Respondent.

-ooOoo-

A validation action is a unique proceeding for declaratory relief governed by Code of Civil Procedure sections 860 through 870.5.[1]  Respondent Westlands Water District initiated such an action to obtain judicial approval of a contract between it and the federal government.  The deadline for interested parties to appear in the case and contest the validity of the contract was December 16, 2019.

On December 16, 2019, appellants[2] attempted to electronically file a joint answer to the validation complaint.  The next day, appellants were informed the filing had been rejected due to nonpayment of a first appearance fee for each answering party. Appellants' counsel resubmitted the pleading with the required fees.  It was rejected again, this time because the court clerk noticed that one of the parties had already appeared in an answer filed by a different group of defendants.  The clerk provided instructions to remedy the issue, which appellants' counsel followed.  The pleading was then accepted and electronically file stamped at 3:38 p.m., December 17, 2019.

A dispute arose over the filing date of the answer.  The pleading was found to be untimely, which effectively barred appellants from participating in the lawsuit. Appellants claim this ruling was erroneous as a matter of law.

Subject to conditions set forth in section 1010.6, trial courts may permit or require electronic filing of documents in civil actions.  One condition is "[a]ny document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day." (*Id*., subd. (b)(3).)  Respondent does not dispute that appellants' pleading was received by the Fresno Superior Court on December 16, 2019.  However, respondent contends all required fees must accompany the initial

---

[1]Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

[2]Appellants consist of three nonprofit organizations (California Water Impact Network; Planning and Conservation League; Center for Biological Diversity), a public benefit corporation (AquAlliance) and a group organized under the Indian Self-Determination and Education Assistance Act (25 U.S.C. § 450 et. seq.) (California Indian Water Commission).

2.

submission of an electronically filed document in order for the filing date to relate back to the date of receipt. We disagree with respondent's interpretation of the law and will reverse the trial court's finding of untimeliness.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2019, respondent filed a validation complaint in the Fresno Superior Court. The complaint named as defendants "All Persons Interested in the Matter of the Contract Between the United States and Westlands Water District Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment." (Some capitalization omitted.) Pursuant to sections 861 and 861.1, service was accomplished by publication of a summons in two newspapers. The summons stated, in relevant part: "All persons interested in this matter may contest the legality or validity of the matter by appearing and filing a written answer to the complaint not later than December 16, 2019."

Subject to an exception for self-represented parties, the Fresno Superior Court requires electronic filing in civil cases. (Super. Ct. Fresno County, Local Rules, rule 4.1.2(A).)[3] "The electronic filing of documents must be effected using the Court's electronic service providers." (*Id*., local rule 4.1.2(D)(1); former local rule 4.1.13(D).) On December 16, 2019, appellants attempted to file an answer to the complaint using an electronic service provider called One Legal.

During the electronic filing process, appellants' counsel "indicated that the document was an [a]nswer and that first appearance fees were required and had not yet

---

[3]All further references to local rules are to those of the Fresno Superior Court.

Prior to January 1, 2021, provisions concerning electronic filing were set forth in former local rule 4.1.13. On our own motion, we take judicial notice of local rule 4.1.2 and former local rule 4.1.13. (Evid. Code, §§ 452, subd. (e), 459, subd. (a).)

been paid."[4]  The attorney believed he was arranging for One Legal to advance all required fees by "clicking the 'pay first appearance fees' button."  One Legal provided a written confirmation showing the pleading was submitted at 4:54 p.m.

On December 17, 2019, appellants' counsel received a rejection notice issued for failure to pay a first appearance fee for each answering party.  After contacting the clerk of court and One Legal, counsel resubmitted appellants' answer with full payment of the appearance fees.  Soon afterwards, the clerk informed counsel that a party listed on the caption page, California Sportfishing Protection Alliance, had already appeared by way of an answer filed by a different group of defendants.  Upon being advised the same party could not file two separate answers, counsel edited the pleading to remove the name and submitted it a third time (adjusting the fee payment accordingly).  The pleading was accepted and electronically file stamped with this notation:  "E-FILED [¶] 12/17/2019 3:38 PM."

On December 30, 2019, respondent filed a motion for entry of a judgment in its favor (similar in substance to a motion for summary judgment).  The moving papers focused on the merits of the validation complaint, but respondent also claimed appellants' answer to the complaint was "time barred."  The argument was factually based on appellants' alleged failure to meet the filing deadline provided in the summons.  The legal basis for the argument was section 862, which states:  "Jurisdiction shall be complete after the date specified in the summons.  Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined."

Appellants filed an opposition to respondent's motion.  In a short discussion regarding the timeliness of their answer, appellants argued the pleading was submitted to

---

[4]The quotes in this paragraph are taken from a sworn declaration of the attorney who transmitted the pleading through One Legal for electronic filing.

the court on the deadline specified in the summons. The written opposition contained no legal argument on this issue. Appellants' factual argument was supported by a declaration from the attorney who had electronically submitted the answer, along with the confirmation receipt for the electronic filing activity on December 16, 2019.

The trial court issued a tentative ruling indicating respondent's motion would be denied. However, the trial court also tentatively found appellants' answer was "filed after the December 16, 2019 deadline." No analysis was provided in support of this conclusion. The pleading was deemed "untimely" based on section 862 and the following language in *City of San Diego v. San Diegans for Open Government* (2016) 3 Cal.App.5th 568 at page 579:

> "We view the time limit established by section 862 like a statute of limitations. Put differently, if any interested party appears in a validation action after the time period permitted by the applicable summons, the government would have a valid defense, preventing that interested party from further challenging the government's proposed action."

When the motion was heard, appellants argued the issue was governed by section 1010.6, subdivision (b)(3) (section 1010.6(b)(3)). In other words, they claimed their answer should be deemed filed as of the date it was first received by the superior court. The hearing concluded with the matter being taken under submission.

On March 16, 2020, the trial court issued a minute order summarily adopting its tentative ruling. Appellants filed a notice of entry of order on April 10, 2020. A notice of appeal followed.

In May 2020, appellants and two groups of similarly situated defendants filed a motion in the trial court to stay the action pending the outcomes of their respective appeals. The other moving parties had also filed answers that were found to be untimely. In July 2020, respondent filed a "renewed" motion for entry of judgment in its favor,

5.

which has yet to be ruled upon. In August 2020, the trial court granted appellants' motion to stay the proceedings.[5]

## DISCUSSION

### I. Appealability

Respondent has moved to dismiss the appeal, arguing the challenged ruling was made in a nonappealable order. "Section 904.1, which codifies the general list of appealable judgments and orders, also effectively codifies the common law one-final-judgment rule. Under this rule, an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy." (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9.)

Respondent claims the minute order is not a "judgment" for purposes of section 904.1, subdivision (a)(1), and does not fall within other categories of orders listed in the statute. Respondent also argues the minute order cannot be construed as a dismissal since it is unsigned. Pursuant to section 581d, dismissals "shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments …."

Appellants rely on the principle that "'[i]t is not the form of the decree but the substance and effect of the adjudication which is determinative.'" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.) They argue the trial court's finding of untimeliness was a dispositive ruling and is therefore appealable. In the alternative, appellants ask us to treat the appeal as a petition for writ relief. (See *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366 ["An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition

---

[5]Respondent's unopposed motion to augment the record on appeal with material concerning the information in this paragraph is hereby granted.

6.

for writ of mandate"].)  We agree with appellants' first argument and need not treat the appeal as a writ petition.

"A judgment is the final determination of the rights of the parties in an action or proceeding."  (§ 577.)  "'As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final.'"  (*Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 698.)  Accordingly, "it has long been the settled rule that in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party."  (*Dakota Payphone*, *LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 506.)

"A validation action 'is a lawsuit filed and prosecuted for the purpose of securing a judgment determining the validity of a particular … governmental decision or act.'"  (*Davis v. Fresno Unified School Dist.* (2020) 57 Cal.App.5th 911, 927.)  As discussed, respondent's lawsuit seeks to establish the validity of a contract between it and the federal government.  Appellants are not specifically named in the complaint, but section 861 "grants jurisdiction of 'all' interested parties by publication of summons."  (*Green v. Community Redevelopment Agency* (1979) 96 Cal.App.3d 491, 500.)  "Section 862 states that any interested party *may not later than the date specified in the summons* appear and contest the legality and validity of the matter sought to be determined."  (*Ibid*.)  The deadline established by the summons is the functional equivalent of a statute of limitations.  (*City of San Diego v. San Diegans for Open Government*, *supra*, 3 Cal.App.5th at p. 579.)

The trial court's ruling includes both a finding of untimeliness and statements regarding the preclusive effect of its finding.  The order effectively bars appellants "'from further challenging the government's proposed action.'"  (Quoting *City of San Diego v. San Diegans for Open Government*, *supra*, 3 Cal.App.5th at p. 579.)  Unlike a defaulted

7.

defendant in an ordinary civil case, appellants have no recourse under section 473 because "the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature." (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 372.)

Appellants argue there is no reason to believe an order of dismissal was or is forthcoming because, "[i]n effect, the trial court ruled that [appellants] were never parties [to the case]." The point is well taken, and we agree the appeal is not premature for lack of a signed dismissal order. As between respondent and appellants, the challenged ruling leaves no issues for future consideration and constitutes a final determination of appellants' rights in this lawsuit. For those reasons, the ruling qualifies as a judgment under section 577 and may be treated as such for purposes of section 904.1. Respondent's motion to dismiss is therefore denied.

## II. Law and Analysis

The question presented is whether, for purposes of meeting a filing deadline, the date of a trial court's receipt of an electronically submitted pleading constitutes the filing date of the pleading. This question presumes the pleading is actually filed. "Because this issue involves the application of law to undisputed facts, we review the matter de novo." (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.) Our analysis involves the interpretation of statutes and rules, which are questions of law subject to our independent review. (*Lopez v. Sony Electronics*, *Inc*. (2018) 5 Cal.5th 627, 633.)

"Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning … in the context of the statutory framework as a whole …." (*Coalition of Concerned Communities*, *Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*Ibid*.) If the language is ambiguous, we "may consider

8.

other aids, such as the statute's purpose, legislative history, and public policy." (*Ibid*.) The same principles apply to our interpretation of the California Rules of Court. (*Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1296.)

Section 1010.6 governs the electronic service and filing of documents. The statute imposes conditions upon a trial court's adoption of local rules for electronic filing, and those conditions are supplemented by the California Rules of Court. (§ 1010.6, subds. (b), (f), (g); see *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351 ["A trial court is without authority to adopt local rules or procedures that conflict with statutes or with rules of court adopted by the Judicial Council"].) As stated in the current and former versions of section 1010.6(b)(3), "Any document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day."

The word "shall" ordinarily connotes a mandatory or directory duty. (*Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433.) Recent changes in the law add context and limitations to section 1010.6(b)(3). (See further discussion, *post*.) But at the time appellants filed their answer, section 1010.6(b)(3) was self-explanatory and required no further statutory construction. (See *Voices of the Wetlands v. State Water Resources Control Bd*. (2011) 52 Cal.4th 499, 519 ["If the language is unambiguous, the plain meaning controls"].)

Rule 1.20 of the California Rules of Court (rule 1.20) is entitled, "Effective Date of Filing." (Boldface omitted.) It states, "Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk." Rule 2.253(b)(6) provides: "The effective date of filing any document received electronically is prescribed by Code of Civil Procedure section 1010.6. *This provision concerns only the effective date of filing. Any document that is received electronically must be processed and satisfy all other legal filing requirements to be filed as an official court record*." (Italics added.)

9.

Current and former versions of the trial court's local rules incorporate the language of section 1010.6(b)(3) and portions of California Rules of Court, rule 2.253(b)(6). The local rules state, in relevant part: "For purposes of electronic filing of documents, pursuant to Code of Civil Procedure § 1010.6(b)(3), any document received electronically by the Court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day. … *This provision concerns only the method and effective date of filing; any document that is electronically filed must satisfy all other legal filing deadlines and requirements*." (Local rule 4.1.2(D)(4); *id*., former local rule 4.1.13(D), italics added.)

Respondent argues the italicized language quoted above means a document will not be deemed filed on the day it is received unless all required fees are tendered at the time of submission/receipt. We are not persuaded. By providing for the submission and receipt of documents up until 11:59:59 p.m., the rules contemplate that some documents will not be processed and filed by the clerk's office on the day they are received. No distinction is made between the receipt of documents submitted with payment of the correct filing fee and documents submitted with payment of an insufficient sum. Furthermore, the California Rules of Court "must be liberally construed" to ensure a just determination of the proceedings they govern. (*Id*., rule 1.5(a).)

The italicized language warns that mere receipt of a document does not mean it will be filed. (Cal. Rules of Court, rule 2.253(b)(6).) The document may be rejected if the required filing fees are not paid. (*Ibid*.) However, the clerk of the court must provide confirmation of *receipt* of all electronically submitted documents regardless of whether the documents are in proper form and/or accompanied by the required fees. (*Id*., rule 2.259(a)(1).) "A document is considered received at the date and time the confirmation of receipt is created." (*Ibid*.) "If the document … complies with filing requirements and all required filing fees have been paid, the court must promptly send the electronic filer confirmation that the document has been filed. The filing confirmation must indicate the

10.

date and time of filing and is proof that the document was filed on the date and at the time specified." (*Id*., subd. (a)(2).) Whenever a document is filed, the "effective date" of the filing is the date of receipt. (Cal. Rules of Court, rule 2.253(b)(6); Super. Ct., Fresno County, Local Rules, rule 4.1.2(D)(4); *id*., former local rule 4.1.13(D).)

As of January 1, 2021, section 1010.6 has been amended to address this very issue. Assembly Bill No. 2165 (2019–2020 Reg. Sess.) (Assembly Bill 2165) revised the language of section 1010.6, subdivision (b)(4)(A) and added subdivision (b)(4)(B)–(E). (Stats. 2020, ch. 215, § 1.5.) Section 1010.6, subdivision (b)(4)(E) provides:

> "If the clerk of the court does not file a complaint or cross complaint because the complaint or cross complaint does not comply with applicable filing requirements or the required filing fee has not been paid, any statute of limitations applicable to the causes of action alleged in the complaint or cross complaint shall be tolled for the period beginning on the date on which the court received the document and as shown on the confirmation of receipt described in subparagraph (A), through the later of either the date on which the clerk of the court sent the notice of rejection described in subparagraph (C) or the date on which the electronic filing service provider or electronic filing manager sent the notice of rejection as described in subparagraph (D), plus one additional day if the complaint or cross complaint is subsequently submitted in a form that corrects the errors which caused the document to be rejected. The party filing the complaint or cross complaint shall not make any change to the complaint or cross complaint other than those required to correct the errors which caused the document to be rejected."

The legislative history of Assembly Bill 2165 indicates the amendments were partially in response to concerns about statutes of limitations expiring because of "delayed notice of rejected electronically-filed documents." (Concurrence in Sen. Amends. to Assem. Bill No. 2165 (2019–2020 Reg. Sess.) Aug. 31, 2020, p. 3.) "The bill formally tolls any applicable statute of limitations during the interval between the date of the [notice of receipt] and the date of the [notice of rejection], while providing an additional day to correct the error that led the filing to be rejected. Filers can also use these notices as a basis to seek relief from the court if they miss a deadline other than a

11.

limitations period." (*Ibid.*; see § 1010.6, subd. (b)(4)(C)–(D) [new provisions regarding notices of rejection].)

The recent amendment to section 1010.6 does not change our analysis of the law in effect when appellants filed their answer. Section 1010.6(b)(3), California Rules of Court, rules 1.20 and 2.253(b)(6), and the trial court's local rules all said the effective date of a filed document is the date it was received by the court. Unlike the new version of section 1010.6, there was no qualifying language regarding the effective date of a properly filed document that was initially rejected for defects or insufficient payment of fees. "We may not, under the guise of interpretation, insert qualifying provisions not included in the statute." (*Estate of Griswold* (2001) 25 Cal.4th 904, 917; see *Poppers v. Tamalpais Union High School Dist*. (1986) 184 Cal.App.3d 399, 404 [reasoning if "the Legislature had intended to limit the application of [a particular statute] as respondent suggests, qualifying language could have easily been used to effectuate this result"].) We are also mindful of "the legislative and judicial policy of this state to prefer disposition of litigation on the merits rather than on procedural grounds." (*Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1278; see *Hernandez v. Temple* (1983) 142 Cal.App.3d 286, 290 ["The law abhors forfeitures and requires strict construction of statutes imposing them"].)

Respondent attempts to frame the issue in terms of whether the clerk of the court "correctly declined to accept [appellants'] electronic submittal for filing until they tendered the full filing fee." Respondent relies on Government Code section 6100 and the holding of *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457.[6] Government

_____

[6]Respondent also devotes part of its briefing to distinguishing cases cited by appellants. One such case is *Pacific Southwest Airlines v. Dowty-Rotol, Ltd.* (1983) 144 Cal.App.3d 491, which appellants cite for the broad proposition that "errors in payment of filing fees" are "[t]echnical defects" that do not affect the timeliness of a filed document. The case involved former rules 1 and 10 of the California Rules of Court, which pertained to notices of appeal, and respondent has requested judicial notice of the 1982 versions of those rules. The unopposed request for judicial notice is hereby granted.

12.

Code section 6100 provides, in relevant part, "Officers of the state, or of a county or judicial district, shall not perform any official services unless upon the payment of the fees prescribed by law for the performance of the services …."

In *Duran*, a plaintiff's attorney used an overnight carrier to deliver a medical malpractice complaint to a superior court for filing. The package included a check for the filing fee. The check "was $3 short of the amount required to file [the] complaint." (*Duran v. St. Luke's Hospital*, *supra*, 114 Cal.App.4th at p. 458.) The clerk of the court received the pleading one day prior to the deadline of the applicable statute of limitations but refused to file it because of the insufficient funds. (*Id*. at p. 459.) "By the time plaintiffs' attorney learned of the situation and tendered the correct filing fee, the statute of limitations had expired." (*Ibid*.) The court of appeal upheld a judgment of dismissal based on the statute of limitations.

The *Duran* court relied on Government Code section 6100 and "[a]n unbroken line of decisions by our Supreme Court hold[ing] that it is mandatory for court clerks to demand and receive the fee required by statute before documents or pleadings are filed." (*Duran v. St. Luke's Hospital*, *supra*, 114 Cal.App.4th at p. 459.) However, the facts of *Duran* do not involve electronic filing. The opinion also predates rule 1.20 ("Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk").

We agree the clerk of the court was authorized to reject appellants' pleading for lack of payment of all required fees. This does not change the fact it was timely *received*. The pleading was filed once appellants' counsel rectified various problems. Pursuant to section 1010.6 and the applicable rules of court, the effective date of the answer was the date it was received, i.e., December 16, 2019. We interpret this to mean the filing date related back to the date of receipt. Therefore, appellants' appearance in the validation action was timely for purposes of section 862.

13.

## DISPOSITION

The trial court's finding as to the timeliness of appellants' appearance in this action, as made in the minute order dated March 16, 2020, is reversed.  Appellants shall recover their costs on appeal.

PEÑA, Acting P.J.

WE CONCUR:


SMITH, J.


SNAUFFER, J.